Abe G. Salen (SBN 182366)
Email: abe.salen@wolffirm.com
THE WOLF FIRM, A Law Corporation
2955 Main Street, Second Floor
Irvine, CA 92614
Telephone: (949) 720-9200
Fax: (949) 608-0129

Attorneys for Defendant
THE WOLF FIRM, A Law Corporation

# UNITED STATES DISTRICT OF CALIFORNIA

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA A. AMELINA, an individual; and A.A.; D.S and B.S., each individuals and minors by and through their Gaurdian Ad Litem, Victoria A. Amelina<br><br>Plaintiffs,<br><br>vs.<br><br>MANUFACTURES AND TRADERS TRUST COMPANY aka M&T BANK; SAFEGUARD PROPERTIES, LLC.; and THE WOLF LAW FIRM, A Law Corporation.<br><br>Defendants. | Case No.: 3:14-CV-1906-WQH-NLS<br><br>**REPLY OF THE WOLF FIRM TO PLAINTIFFS' OPPOSITION TO THE WOLF FIRM'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date: January 12, 2015<br>Time: 11:00 A.M.<br>Dept: 14B<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Complaint Filed: August 13, 2014<br>Trial Date : Not Set |

Defendant THE WOLF FIRM, A Law Corporation ("Wolf" or "Defendant") hereby respectfully submits to this Court its Reply to Plaintiffs VICTORIA A. AMELINA, A.A., D.S and B.S., each individuals and minors by and through their Gaurdian Ad Litem, Victoria A. Amelina (collectively, "Plaintiffs")'s Opposition to Wolf's Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC").

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. Plaintiffs Fail To Allege Simple Notice Pleading Facts As Required By Fed. R. Civ. P. Rule 8.

Plaintiffs' Opposition is misguided.  Plaintiffs' First Amended Complaint ("FAC") fails to sufficiently allege facts necessary to state a claim against Wolf that, as a result of its conduct in sending multiple letters to plaintiffs, it violated the Fair Debt Collection Practices Act ("FDCPA") and/or the Rosenthal Fair Debt Collection Practices Act ("RFDCPA").  For that reason, Wolf's motion must be granted.

Plaintiffs' complaint merely alleges that, on or about April 28, 2014, defendant Wolf sent to plaintiff Victoria Amelina 10 letters, each identical to the others – five by certified US Mail and five by regular US Mail. [FAC, ¶92.]  Unlike other allegations regarding receipt of mailings from other parties, Plaintiffs failed to describe the contents of this April 28, 2014, letter.  There is no indication as to whom the letter was addressed, the contents of the letter, whether the contents included language that Wolf was attempting to collect a debt, whether it including any reference to the Property or the loan whatsoever, or whether it was even blank on the inside.  Further, the outside envelope is not described, other than showing markings that it was sent from a law firm.  That, in and of itself, fails to adequately allege any wrongdoing by Wolf.

Plaintiffs thereafter allege that Wolf sent a further letter dated July 22, 2014, by which it mailed 10 more identical letters - six by certified US Mail and four by regular US Mail.  Again, the contents of this letter is noticeably absent from the allegations in Plaintiffs' FAC, other than that they failed to provide Victoria with validation of the debt. [FAC, ¶97.]

Finally, Plaintiffs allege that Wolf thereafter sent a Notice of Sale 22 times – 11 by Certified US Mail and 11 by regular US Mail. [FAC, ¶99.] Again, the contents of the Notice of Sale are not alleged; the addressee is not alleged, or whether multiple parties were sent the Notice.

Without more, it is clear that Plaintiffs fail to allege the requisite elements required for a defendant to be liable under either the FDCPA or RFDCPA. On that basis, Plaintiffs' FAC as to Wolf should be dismissed.

**2.    To Extent Plaintiffs Claim Wolf's Conduct Was Performed As Trustee During Foreclosure Proceedings, Such Conduct Falls Outside The Scope of Protections Afforded by the FDCPA and RFDCPA.**

Notwithstanding the fact that the allegations, on their face, fail to sufficiently allege facts to state a claim against Wolf, Plaintiffs infer through their Opposition – in response to Wolf's Declaration of Non-monetary Status and subsequent argument contained in its motion to dismiss that its performance of trustee duties is privileged – that Wolf acted as Trustee, but went beyond its statutory duties afforded protection by the Code. However, by conceding that Wolf's conduct was made pursuant to its duties as trustee of the deed of trust – ie, performing its statutory duties pertaining to the non-judicial foreclosure – Plaintiffs have reaffirmed that Wolf's conduct falls outside the scope of protections afforded by the FDCPA and/or RFDCPA.

Courts in California have repeatedly affirmed that a trustee performing foreclosure duties is excluded from the restrictions of the FDCPA and RFDCPA. *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1198-1199 (CD Cal. 2008), citing *Hulse v. Ocwen Fed Bank FSB*, 195 F.Supp.2d 1188-1204 (D. Or. 2002); see also *Rosal v. First Federal Bank of California*, 671 F.Supp.2d 1111, 1135 (ND. Cal. 2009); and *Gardner v. American Home Mortg. Servicing, Inc.*, 691 F.Supp.2d 1192, 1198 (ED Cal. 2010).

Indeed, "Civil Code 2924(b) exempts the trustees' acts of recording and servicing the required notice of default and notice of sale from RFDCPA's scope." *Nool v. HomeQ Servicing*, 653 F.Supp.2d 1047, 1053 (ED Cal. 2009).

The *Izenberg* court held that foreclosure procedures do not amount to debt collection and, therefore, a trustee performing such duties is not a debt collector within the meaning of either the FDCPA or RFDCPA. Importantly, the *Izenberg*

court explained that the plaintiff in that case had failed to sufficiently allege in the complaint that the defendant was a debt collector. *Id*, at 1199.

In the present scenario, and as explained supra, Plaintiffs have failed to allege that Wolf was acting as a debt collector when it sent the purported letters. In addition, Plaintiffs fail to allege that the contents of Wolf's letters involved the collection of a debt, or otherwise that Wolf is regularly involved in the collection of debts. Indeed, Plaintiffs fail to allege any content within the letters sent by Wolf. Thus, Plaintiffs have not sufficiently complied with the minimal notice pleading requirements set forth in Fed R. Civ. P. Rule 8. As a result, Plaintiffs' FAC is fatally defective.

Interestingly, while Plaintiffs' Opposition suggests that the letters were sent in Wolf's performance of its foreclosure obligations, other than the sending of the Notice of Trustee's Sale in or about July 2014, the FAC is woefully silent on this very issue.

Again, to the extent Plaintiffs allege that Wolf was acting in its capacity as Trustee when serving the notices – and, thus, performing its obligations during the foreclosure process – such allegations concede that Wolf was not acting as a debt collector within the meaning of either the FDCPA or the RFDCPA.

As such, Wolf's motion to dismiss plaintiffs' FAC should be granted without leave to amend.

///
///
///
///
///
///
///
///

## 3. CONCLUSION

For the foregoing reasons, Plaintiffs' First Amended Complaint should be dismissed as to defendant Wolf. Plaintiffs fail to allege that Wolf acted as a debt collector within the meaning of either the FDCPA or RFDCPA. Moreover, it is clear from Plaintiffs' Opposition as well as from the inferences within the FAC that Wolf's conduct was performed in its role as trustee under the terms of the deed of trust. As such, Wolf's conduct was privileged and, otherwise, excluded from the definition of a "debt collector" within the meaning of either the FDCPA or the RFDCPA, which mirrors the FDCPA.

Plaintiffs' complaint should be dismissed as to Wolf without leave to amend.

Dated:  January 5, 2015                    The Wolf Firm, a Law Corporation


                                            By: */s/ Abe G. Salen*
                                              Abe G. Salen, Esq. (182366)
                                              Attorneys for Defendant,
                                                THE WOLF FIRM, A Law Corporation

# CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to nor interested in the within action. My business address is 2955 Main Street, Second Floor, Irvine, California 92614.

A true and correct copy of the foregoing document(s), entitled: **REPLY OF THE WOLF FIRM TO PLAINTIFFS' OPPOSITION TO THE WOLF FIRM'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** will be served or was served (a) on the judge in chambers in the form and manner required by Local Rule ("LR") 5.4.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders, the foregoing documents will be served by the Court via NEF and hyperlink to the document. On January 5, 2015, I checked the CM/ECF docket for this matter and determined that the following persons on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated on the attached service list.

2. **SERVED BY UNITED STATES MAIL:** On January 5, 2015, I served the following persons and/or entities at the last known address in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid and addressed as follows.

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state the method for each person or entity served): Pursuant to Fed. R. Civ. P. 5 and/or controlling local rules, on January 5, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the Judge here constitutes a declaration that personal service on overnight mail to, the judge will be completed no later than by 12:00 p.m. (Noon) the following business day. Service information continued on attached service list.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on January 5, 2015, at Irvine, CA.

_____
Gaston Felton

# SERVICE LIST

Case No. 14CV1906-WQH-NLS

**I.  SERVED ELECTRONICALLY VIA NEF**

Jessica R.K. Dorman, Esq.
Robert L. Hyde, Esq.
Hyde & Swigart
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Email: Jessica@westcoastlitigation.com
Email: bob@westcoastlitigation.com
[Attorneys for Plaintiff Victoria A. Amelina]

**II.  SERVED ELECTRONICALLY VIA NEF**

Kimberly D. Howatt, Esq.
Roger M. Mansukhani, Esq.
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Email: khowatt@gordonrees.com
Email: rmansukhani@gordonrees.com
[Attorneys for Defendant SAFEGUARD PROPERTIES, LLC.]

**III.  SERVED ELECTRONICALLY VIA NEF**

Robin P. Wright, Esq.
Patricia L. Penny, Esq.
WRIGHT, FINLAY & ZAK, LLP
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Email: rwright@wrightlegal.net
Email: ppenny@wrightlegal.net
[Attorneys for Defendant M&T Bank]

**IV.  SERVED VIA OVERNIGHT MAIL**

Honorable Judge William Q. Hayes
United States District Court Southern District
Courtroom 14B (14th Floor- Annex)
Suite 1480
333 West Broadway
San Diego, CA 92101