1  WRIGHT, FINLAY & ZAK, LLP
2  Robin P. Wright, Esq., SBN 150984
   Patricia L. Penny, Esq., SBN 124969
3  4665 MacArthur Court, Suite 280
4  Newport Beach, CA 92660
   Tel: (949) 477-5050; Fax: (949) 608-9142
5  rwright@wrightlegal.net; ppenny@wrightlegal.net
6
7  Attorneys for Defendant, MANUFACTURERS AND TRADERS TRUST
   COMPANY aka M&T BANK
8

9              UNITED STATES DISTRICT COURT
10            SOUTHERN DISTRICT OF CALIFORNIA
11

12  Victoria A. Amelina, an individual; and   )   Case No.: 3:14-cv-01906-WQH-NLS
    A.A.; D. S and B.S., each individuals      )
13  and minors by and through their            )   DEFENDANT'S OPPOSITION
    Guardian Ad Litem, Victoria A.             )   TO PLAINTIFFS' MOTION FOR
14  Amelina,                                   )   CLARIFICATION OF COURT'S
15                                             )   ORDER DATED MARCH 13,
                                               )   2015 IN REGARD TO
16                      Plaintiff,             )   DEFENDANTS' MOTIONS TO
17                                             )   DISMISS UNDER FRCP RULE
         vs.                                   )   12(b)(6)
18                                             )
19  Manufacturers and Traders Trust           )
    Company aka M&T Bank, Safeguard           )
20  Properties, LLC, and the Wolf Law         )   Date:    April 20, 2015
    Firm, A Law Corporation.                  )   Time:    N/A
21                                            )   Ctrm:    14B
22                                            )
                        Defendants.           )   *NO ORAL ARGUMENT UNLESS*
23                                            )   *REQUESTED BY THE COURT*
24  _____          )
25

26      TO THIS HONORABLE COURT AND TO ALL PARTIES AND
27  THEIR ATTORNEYS OF RECORD:
28      Defendant, MANUFACTURERS AND TRADERS TRUST COMPANY

                              -1-

aka M&T BANK ("M&T") hereby opposes Plaintiffs Motion for Clarification of Court's Order Dated March 13, 2015 in regard to Defendants' Motions to Dismiss as follows:

## I.      INTRODUCTION

Plaintiffs sued, among other things, for violation of the Fair Debt Collection Practices Act ("FDCPA").  On March 13, 1205, this court entered its order of dismissal, finding that the allegations of their First Amended Complaint ("FAC") failed to state a claim upon which relief could be granted for any FDCPA violation.  Now, Plaintiffs move for what they call "clarification" of that order.  In actuality, they seek leave to file a second amended complaint.  (See, e.g., Motion, page 1, lines 10 through 13; page 5, lines 2 through 7).  But as set out below, they have used an improper procedural method, moving under Federal Rule of Civil Procedure Rule 59(e).  Even if Rule 59(e) is the proper procedural method at this juncture to modify the dismissal (which M&T does not concede for the reasons discussed below), the court has no power to rule on the requested leave to amend under the instant motion.

Notwithstanding, based upon the facts already alleged and the admissions already made by their FAC, it is impossible for Plaintiffs to meet the requisite standard for Rule 59(e), and it is impossible for Plaintiffs to amend the FAC to state any viable claim for relief for violation of the FDCPA.  At best, Plaintiffs may be entitled to clarification of the court's order that it has issued a dismissal with prejudice of their lawsuit.  Thus, there would be a judgment of dismissal entered, and leave them to decide whether to appeal under the abuse of discretion standard.

## II.     STANDARD OF REVIEW FOR A FEDERAL RULE OF CIVIL PROCEDURE RULE 59(e) MOTION

Federal Rule of Civil Procedure 59 applies to motions made after trial, to allow a party to amend or modify a judgment after a trial, or obtain a new trial.  See, FRCP 59.  Amendment or alteration of a judgment is only appropriate under

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION

Rule 59(e) "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." <u>Zimmerman v. City of Oakland,</u> 255 F.3d 734, 740 (9th Cir. 2001).

## III.   <u>ANALYSIS</u>

### A.   <u>FEDERAL RULE OF CIVIL PROCEDURE 59 IS NOT APPROPRIATE AT THIS JUNCTURE IN THIS CASE.</u>

Rule 59(e) does not apply here.   Plaintiffs clothe their improper request for leave to amend by arguing that they can allege facts to state a claim.  This argument fails for at least two reasons.  First, Rule 59(e) applies to a motion made after trial, to amend a judgment after trial or obtain a new trial, for the above stated reasons (none of which apply here).  Second, the appropriate procedural avenue for a motion for leave to amend is Federal Rule of Civil Procedure 15.  And at this juncture, this court lacks the power to consider Plaintiffs motion under Rule 15(a). <u>Roque v. City of Redlands,</u> 79 F.R.D. 433, 436 (CD Cal. 1978).

### B.   <u>ASSUMING *ARGUENDO* RULE 59(e) APPLIED, PLAINTIFFS HAVE FAILED TO MEET THE REQUISITE STANDARD.</u>

Even if Rule 59(e) applied (which M&T does not concede), the standard for relief is difficult.  Here, Plaintiffs argue simply that it would be unjust not to permit them to amend their complaint.  But, Rule 59(e) motions cannot be used to introduce evidence, legal theories, or raise arguments which could have been made, but were not made, before the court's order of dismissal.  <u>See,</u> <u>Innovative Home Health Care v. Pt-Ot Assoc of the Black Hills,</u> 151 F.3d 1284 at 15 (CA 8, S.D. 1998).

Indeed, as the court in <u>Costello v. U.S. Gov't,</u> 765 F. Supp. 1003 (CD Cal. 1991) stated:

[i]n some circumstances, however, Rule 59(e) motions may amount to a breach of procedure.  Accordingly, courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION

to either repetitive contentions of matters which were before
the court on its prior consideration or contentions which might
have been raised prior to the challenged judgment.  This position
reflects district courts' concerns for preserving dwindling resources
and promoting judicial efficiency. (Citations omitted).

Id. at 1009.

"[A] judgment should not be set aside except for <u>substantial</u> <u>reasons.</u>
(emphasis in original; citations omitted).  <u>Burzynski v. Travers,</u> 111 F.R.D. 15, 17
(E.D.  N.Y. 1986).  <u>See, Washington v. Garcia, etc. et. al.,</u> 977 F. Supp. 1067, fn 5
(SD Cal. 1997) (court refused to reconsider plaintiff's motion, because the motion
did not show that "any other highly unusual circumstances exist that warrant
reconsideration.")

Here, Plaintiffs have not shown any substantial reason or highly unusual
circumstance to justify the court's reconsideration.  Further, they cannot rely upon
Rule 59(e) to make allegations, legal theories or raise legal arguments that they
could have made, but failed to make, in their Complaint or FAC.  Moreover, as
shown below, the admissions and allegations of the Complaint and the FAC
contradict and disprove any new allegations Plaintiffs could conjure up.  Indeed,
the court's order set out in great detail, with supporting case law, how the FAC's
allegations and admissions do not support their FDCPA claims.  Plaintiffs cannot
now to plead anything contradictory to their previous admissions.

**C.   ASSUMING *ARGUENDO* RULE 59 APPLIED, PLAINTIFFS HAVE
FAILED TO MEET THE PLAUSIBILITY TEST THAT THEY CAN
PLEAD ANY OF THE REQUIRED PREREQUISITES SUCH THAT
ANY CLAIMS FOR RELIEF WOULD SURVIVE A RULE 12b6
MOTION TO DISMISS.**

To survive a Rule 12b6 motion, Plaintiffs' FAC must have contained
allegations of a "sufficient factual matter, accepted as true, to state a claim to relief
that is plausible on its face.  A claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw the reasonable inference that

-4-

1   the defendant is liable for the misconduct alleged." Schegel v. Wells Fargo Bank,

2   N.A., 720 F.3d 1204, 1208 (9th Cir. 2013), citing Ashcroft v. Iqbal, 556 U.S. 662,

3   678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

4
5         With regard to M&T, Plaintiffs cite to this court's order that:

6   In order to fall within the first definition of "debt collector," Plaintiffs' first
    amended complaint must provide a factual basis to plausibly infer that the
7   principal purpose of Defendant M&T's business is the collection of debt. In
    this case, Plaintiff alleges that "Defendant M&T Bank is a creditor who
8   demanded money and property from Plaintiffs and is therefore a debt
    collector under the FDCPA...." (ECF No. 12 ¶ 28). Plaintiffs fail to allege
9   facts that would allow the Court to draw the reasonable inference that the
    principal purpose of Defendant M&T's business is the collection of
10  debt.

11  In order to fall within the second definition of "debt collector," Plaintiffs'
    first amended complaint must provide a factual basis from which the Court
12  could plausibly infer that Defendant M&T regularly collect debts owed or
    due another. See Schlegel, 720 F.3d at 1208. The facts alleged with respect
13  to Defendant involves conduct specific to the Plaintiffs in this action.
    Plaintiffs fail to allege facts which show that Defendant M&T regularly
14  collects "debts owed or due or asserted to be owed or due another." 15
    U.S.C. § 1692a. The Court concludes that Plaintiffs' first amended
15  complaint fails to allege "factual content that allows the court to draw the
    reasonable inference" that Defendants are "debt collectors." Schlegel, 720
16  F.3d at 1208.

17  Order at page 9, line 20 through page 10, line 8.

18        Plaintiffs contend that the court's statements "leave open the possibility that

19  facts could be alleged to demonstrate these issues." (Motion at page 4, lines 24

20  and 25). Not so. When ruling on the 12b6 Motions, this court has already found

21  that the FAC does not meet the requisite plausibility standard. And there are no

22  facts that Plaintiffs can plead to get around this.

23        With regard to the first definition, as to M&T, Plaintiffs would need to plead

24  facts that M&T's principal purpose is debt collection. But, the FAC admits that

25  admits that M&T is a servicer who serviced the Loan (FAC at paragraph 30 and 35

26
27
28

-5-

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR
CLARIFICATION

through 36, and paragraph 38 and 41) and a creditor (FAC at paragraph 28). Consequently, as this court has already found, Plaintiffs admissions "viewed in the light most favorable to the [plaintiffs], establishes only that debt collection is some part of" M&T's business, and not its principal purpose. <u>Schlegel</u>, <u>supra</u>, at 1208.

With regard to the second definition, as to M&T, Plaintiffs would need to plead facts that M&T is not a servicer or a creditor, but instead is one who regularly collects debts owed to or due to another.  Here, the FAC admits that M&T advised Plaintiffs that it was the new servicer of the Loan, M&T was providing information on servicing, such as who would be accepting payments on the Loan, notices regarding property inspection, and the like, and M&T is a creditor.  (<u>See</u>, e.g., FAC, paragraphs 28, 35, 36, 38, 57).  Because of what Plaintiffs have already admitted, they cannot now plead any contrary facts that M&T is in the business of regularly collecting debts of another.  Their bald factual conclusions are insufficient to state a claim under the FDCPA.  <u>Schlegel</u>, <u>supra</u>, at 1209-10.

## III.    <u>CONCLUSION</u>

For the reasons set forth above, M&T respectfully requests the court deny Plaintiffs' Motion for Clarification denied, or alternatively, modify its order to state specifically that the action is dismissed with prejudice.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP


Dated: April 3, 2015          By:    _/s/ Patricia L. Penny, Esq._
                                            Robin P. Wright, Esq.
                                            Patricia L. Penny, Esq.
                                            Attorneys for Defendant,
                                            MANUFACTURERS AND TRADERS
                                            TRUST COMPANY aka M&T BANK

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR
CLARIFICATION

## PROOF OF SERVICE

I, Jovete Elguira, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On April 3, 2015, I served the **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION OF COURT'S ORDER DATED MARCH 13, 2015 IN REGARD TO DEFENDANTS' MOTIONS TO DISMISS UNDER FRCP RULE 12(b)(6)** on all interested parties in this action as follows:

| Jessica R. K. Dorman, Esq.<br>Robert L. Hydge, esq.<br>HYDE & SWIGART<br>2221 Camino Del Rio South, Suite 101<br>San Diego, CA 92108<br>*Attorney for Plaintiffs,*<br>*Victoria A. Amelina* | Roger M. Mansukhani, Esq.<br>Kimberly D. Howatt, Esq.<br>Joni M. Borzcik, Esq.<br>GORDON REES LLP<br>101 W. Broadway, Suite 2000<br>San Diego, CA 92101<br>*Attorney for Defendants,*<br>*Safeguard Properties, LLC* |
|---|---|

[  ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices. (Courtesy Service)

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E).

[X]   (**FEDERAL**) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 3, 2015, at Newport Beach, California.

/s/ Jovete Elguira
Jovete Elguira