# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA A. AMELINA, an individual; and A.A.; D.S. and B.S., each individuals and minors by and through their Guardian Ad Litem, Victoria A. Amelina,<br><br>                         Plaintiffs,<br>vs.<br>MANUFACTURERS AND TRADERS TRUST COMPANY aka M&T BANK; SAFEGUARD PROPERTIES, LLC; and THE WOLF LAW FIRM, A Law Corporation,<br>                        Defendants. | CASE NO. 14cv1906-WQH-NLS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF No. 42).

**I.      Background**

On August 13, 2014, Plaintiff Victoria Amelina, and Plaintiffs A.A., D.S., and B.S., each minors by and through their Guardian Ad Litem, Victoria Amelina, initiated this action by filing a Complaint in this Court. (ECF No. 1).

On October 27, 2014, Plaintiffs filed a joint motion for leave to file a first amended complaint (ECF No. 11), and a proposed first amended complaint (ECF No. 12). On October 30, 2014, the Court issued an Order granting the joint motion for leave to file a first amended complaint, and the proposed first amended complaint (ECF No.

12), became the operative pleading.  (ECF No. 13).

On November 13, 2014, Defendants M&T and Safeguard filed separate motions to dismiss Plaintiffs' First Amended Complaint.  (ECF Nos. 18, 20).  On December 12, 2014, Defendant Wolf Law Firm filed a motion to dismiss Plaintiffs' First Amended Complaint. (ECF No. 28).  On March 12, 2015, the Court issued an Order granting the motions to dismiss.  (ECF No. 35).

On March 20, 2015, Plaintiffs filed a "Motion for Clarification of Court's Order Dated March 13, 2015 in Regard to Defendants' Motions to Dismiss under FRCP Rule 12(b)(6)."  (ECF No. 36).  On April 23, 2015, the Court issued an Order denying Plaintiffs' motion and granting Plaintiffs thirty days to file a motion for leave to file a Second Amended Complaint.  (ECF No. 41).

On May 22, 2015, Plaintiffs filed the Motion for Leave to File Second Amended Complaint. (ECF No. 42).  On June 15, 2015, Defendant M&T filed a non-opposition to Plaintiffs' motion.  (ECF No. 43).  On June 15, 2015, Defendant Safeguard filed a response in opposition to Plaintiffs' motion. (ECF No. 44).  The docket reflects that, no response has been filed by Defendant Wolf.  On June 22, 2015, Plaintiff filed a reply.  (ECF No. 45).

## II.  Ruling of the Court

Defendant Safeguard contends that Plaintiffs' proposed second amended complaint is futile because it contains the same defects identified in the Court's Order dismissing the First Amended Complaint.  Defendant Safeguard further contends that granting Plaintiffs' motion will prejudice Safeguard, as well as the other Defendants, because Plaintiffs did not seek leave to amend immediately after the Court dismissed the First Amended Complaint, but waited until the last day permitted by the Court to submit a Rule 15 motion.

Plaintiffs contend that amendment will neither cause prejudice to Defendants nor impact the progression of this case because Defendants have yet to file an answer in this action.  Plaintiffs contend that they did not unreasonably delay bringing the instant

motion because the Court specifically granted Plaintiffs thirty days from April 23, 2015, to bring the motion. Plaintiffs further contend that amendment would not be futile because Plaintiffs have addressed the defects raised by the Court and added facts to support their allegations.

Federal Rule of Civil Procedure 15 provides: "A party may amend its pleading once as a matter of course...." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's consent or the courts leave." Fed. R. Civ. P. 15(a)(2). Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After review of the motion, and the filings of the parties, the Court concludes that Defendant Safeguard has not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. Furthermore, Plaintiff's motion contains proofs of service indicating that all Defendants were served with the motion for leave to amend. (ECF No. 55-4). The motion and the Court's docket reflect that the hearing for the motion was noticed for June 29, 2015. Defendant Wolf has not filed an opposition to the motion. Civil Local Rule 7.1 provides: "each party opposing a motion ... must

1 file that opposition ... with the clerk ... not later than fourteen (14) calendar days prior
2 to the noticed hearing." S.D. Cal. Civ. L.R. 7.1(e)(2). "If an opposing party fails to file
3 the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may
4 constitute a consent to the granting of a motion or other request for ruling by the
5 court."). S.D. Cal. Civ. Local Rule 7.1(f)(3)(c). Defendants Wolf and M&T do not
6 oppose the motion. Plaintiffs' Motion for Leave to File Second Amended Complaint
7 is granted.

### III.   Conclusion

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 42) is GRANTED.

DATED: June 30, 2015

**WILLIAM Q. HAYES**
United States District Judge