WRIGHT, FINLAY & ZAK, LLP
Robin P. Wright, Esq., SBN 150984
Patricia L. Penny, Esq., SBN 124969
4665 MacArthur Court, Suite 280
Newport Beach, CA  92660
Tel: (949) 477-5050; Fax: (949) 608-9142
rwright@wrightlegal.net; ppenny@wrightlegal.net

Attorneys for Defendant, MANUFACTURERS AND TRADERS TRUST COMPANY aka M&T BANK

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victoria A. Amelina, an individual; and A.A.; D. S and B.S., each individuals and minors by and through their Guardian Ad Litem, Victoria A. Amelina,<br><br>  Plaintiff,<br><br>vs.<br><br>Manufacturers and Traders Trust Company aka M&T Bank, Safeguard Properties, LLC, and the Wolf Law Firm, A Law Corporation.<br><br>  Defendants. | Case No.: 3:14-cv-01906-WQH-NLS<br><br>**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Date: August 17, 2015<br>Time: N/A<br>Ctrm: 14B<br><br>***NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT*** |

## I. INTRODUCTION

Plaintiffs oppose M&T's Motion to Dismiss the SAC on very much the same basis as they opposed the motion to dismiss the FAC. They again argue that M&T is a debt collector under FDCPA and RFDCPA (collectively the "Acts"), and therefore those Acts apply, that M&T's conduct was debt collection in violation of the Acts, and finally that certain alleged misconduct gives rise to their causes of action for Negligent and Intentional Infliction of Emotional Distress and Invasion of Privacy. As with the prior pleadings, none of Plaintiffs' arguments, nor the law or facts alleged in the SAC to which they cite, defeat the Motion to Dismiss.

## II. ARGUMENT

### A. **M&T BANK IS NOT A DEBT COLLECTOR AS IT DOES NOT MEET EITHER OF THE TWO THRESHOLD REQUIRMENTS OF DEBT COLLECTION.**

In their current Opposition, Plaintiffs are trying very hard to get this court to believe that the allegations of the SAC meet the threshold allegations that M&T is either: (1) an entity whose principal business is debt collection; or (2) an entity which regularly collects the debts of another. 15 U.S.C. § 1692(a)(6). However, the facts alleged make the only conclusion plain and simple. M&T, a bank that makes loans and services loans, in this instance is nothing but a loan servicer. And the only factually supported allegation on this point is the admission by Plaintiffs that M&T sent Plaintiffs two letters telling Plaintiffs that M&T was taking over the servicing of their loan. (SAC, paragraphs 52, 53 and 55). Further, M&T services paying loans as well as non-paying loans, and it services its own paying and non-paying loans as well as loans of others.

To reiterate, as to the requirement of the first part of the threshold, the SAC's own allegations defeat that threshold. The SAC alleges that "as part of its principal business," M&T purchases loans which it "attempts to collect on" (i.e., paying loans), "foreclose on" (i.e., non-paying loans), or "redeem" with HUD. (SAC, paragraph 21, emphasis added). There just is no conclusion that can be

reached from this factual allegation other than the fact that M&T does several things in its business.  It buys some loans (and conversely, as this is only a part of its business, it originates loans), and it services them – it collects on paying loans, it forecloses on non-paying loans, and it sells/redeems some loans.  Thus, as the SAC admits, only <u>a part of</u> its business is debt collection (i.e., foreclosing on non-paying loans)[1].  As before, Plaintiffs twist their words – they assert that their allegations set forth a "major" part of M&T's business.  (Opposition, page 12, line 10).  First, collecting on defaulted loans is not a major part of M&T's business and it is not the <u>principal</u> part; there are no facts that support any such conclusion, and the actual allegation admits just the contrary.

As for the second part of the threshold, there is no factual support in the SAC that M&T regularly forecloses on defaulted loans of others.  Plaintiffs point to their allegation that M&T "maintains an active collections department". (Opposition, page 12, lines 26 and 27; SAC paragraph 23).  As shown above, Plaintiffs allegations are that M&T collects on loans and forecloses on loans.  But that is a far cry from an allegation that M&T's collection department exists regularly to collect the defaulted loan of another.  And in fact, Plaintiff s themselves admit the distinction between collecting on paying loans and foreclosing on non-paying ones.  (<u>See,</u> SAC, paragraph 21).  Further, any defaulted loans could belong to M&T, or could belong to another lender.  And Plaintiffs' allegation that "M&T was a creditor who demanded money and property from Plaintiffs" fairs no better (Opposition, page 12, lines 28, SAC, paragraph 45) since this court has already held that this allegation is insufficient to meet the threshold requirement.  (Order dated March 12, 2015 ("Order"), page 10, lines 22 through 27).  In short, no matter how hard Plaintiffs argue, there is simply nothing in the

---

[1] Indeed, Plaintiffs cannot plead otherwise because they know any contrary allegation would not be true and would likely be met with a Rule 11 motion.

factual allegations of the SAC that meets either of these two threshold requirements making M&T a "debt collector".

### B. M&T IS A LOAN SERVICER TO WHOM NEITHER THE FDCPA NOR THE ROSENTHAL ACT APPLIES.

As for delinquency on the Loan, the SAC alleges "[s]ometime…before July 25, 2013, [Amelina] allegedly fell behind in the payments owed on the alleged debt….[Amelina] currently takes no position as to the validity" of the debt. (SAC, paragraph 50). This too is a far cry from any allegation of when Amelina first became delinquent on the Loan's payments. In fact, it does not even admit to delinquency at any time, much less before M&T became the Loan's servicer. Based upon this thin and improperly twisted thread, Plaintiffs now argue that this makes M&T a "debt collector". Not so. Indeed, M&T is in the exact position acknowledged by Plaintiffs' as an exception to their argument – M&T is one of those "servicers who service loans before and after the Loan is in default" and to whom the FDCPA would not apply. (Opposition, page 13, line 23 through page 13, line 3).

Here, while at most the SAC admits that Amelina was in arrears on her Loan, M&T took over servicing before it sent its breach letter and long before the trustee declared the loan in default by recording its NOD in April 2014. And courts recognize the distinction between a loan that is in default and one that is only outstanding or in arrears when considering whether the FDCPA applies. See, e.g., Alibrandi v. Financial Outsourcing Services, Inc., 33 F.3d 82, 86 (2003) and cases cited therein.

The SAC alleges that on July 25, 2013, M&T sent Amelina a letter, which she received shortly thereafter, stating that servicing would transfer to M&T on August 2, 2013. (Opposition, page 3, lines 6 through 12; SAC, paragraphs 52 and 53). Under the terms of the Deed of Trust, to invoke the power of sale under the Deed of Trust, and declare the loan in default, the lender, or the servicer on its behalf, must send a breach letter to the borrower. (RJN, Ex. B, page 4, paragraph 9

-4-

1  and page 6, paragraph 18).  The SAC alleges that M&T sent its breach letter (its
2  debt validation letter) on August 14, 2014.  (Opposition, page 3, lines 17 through
3  23; SAC, paragraph 55). Finally, it was not until April 28, 2014 that the trustee
4  executed and recorded an event of default on the Loan by recording the NOD.
5  (RJN, Ex. F).  Consequently, even though Amelina contends she "fell behind" on
6  the loan before July 25, 2013, she was neither declared in breach nor in default
7  until after servicing transferred to M&T.

8  Plaintiffs also argue that M&T is a debt collector under the RFDCPA, which
9  extends the definition of "debt collectors" to one who is attempting to collect a
10 debt for itself.  (Opposition, page 14, lines 20 through 23).  But the SAC defeats
11 this argument when it alleges that "[t]he name of the creditor to whom the debt was
12 owed to was a company called 'Lakeview Loan Servicing."  (SAC, paragraph
13 58(4), lines 12 and 13).

14 **C. THE SAC HAS NO SUFFICIENT ALLEGATION OF ANY DEBT
15    COLLECTION ACTIVITY BY M&T.**

16 The SACs' allegations set out the express content of two letters Amelina
17 received from M&T.  Each of those letters advises as to the service transfer of the
18 Loan to M&T.  (Opposition, page 3 lines 6 through12; SAC, paragraph 53;
19 Opposition page 3, lines 17 through 23; SAC, paragraph 58). Plaintiffs
20 misrepresent that these letters state the loan had been assigned to M&T for
21 "collection."  (Opposition, page 3, line 15).  That is clearly not what the letters
22 admittedly state.

23 This court has already found that the FAC failed to contain the express
24 content of any letters Plaintiffs contend were collection letters, and thus the FAC
25 failed to allege facts that would allow the court to draw a reasonable inference that
26 plausibly suggest a claim of collection activity.  (Order, page 15, line 26).  The
27 same holds true for the SAC.  While Plaintiffs set out the express provisions of the
28 service transfer letters, they make only vague reference to other "letters" they
   allege were "collection letters".  (Opposition, page 3, line 39 through page 4, line

-5-
DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

3; SAC, paragraph 63). And the court has also already ruled that the postcard sent by Safeguard is not for the purpose of collection. (Order, page 1, lines 6 through 8).

### D. M&T IS NOT A DEBT COLLECTOR BECAUSE THE ALLEGED CONDUCT ATTRIBUTABLE TO IT IS EXLUDED FROM BOTH ACTS AND DOES NOT VIOLATE EITHER ACT.

Complying with California's foreclosure statutes and enforcing the security interest (to wit: the rights under the Deed of Trust) does not constitute debt collection and does not violate either Act. See, e.g., Natividad v. Wells Fargo Bank, N.A., 2013 WL 2299601, at *5-*6 (N.D. Cal. 2013)(stating that many Ninth Circuits courts hold that non-judicial foreclosures are not debt collection and holding that entities that regularly or principally engage in enforcing a secured interest do not qualify as debt collectors), and citations therein. Here, the conduct directly attributable to M&T as alleged in the SAC does not rise to the level of debt collection that violates the Acts. The SAC alleges a July 25, 2013 letter notifying Amelina of servicer transfer. The SAC alleges an August 14, 2013 letter, which is a statutory requirement as well as a contractual prerequisite to declaring default under the security (the Deed of Trust.) (RJN, Ex. B, paragraph 9).

Plaintiffs also allege that M&T instructed Defendant Safeguard to send Amelina a postcard, the contents of which are quoted by the SAC. (SAC, paragraph 74). This postcard is not debt collection – and this court's Order recognizes this fact. The SAC alleges that Safeguard hired an undisclosed third person to inspect the Real Property, and that person (not M&T) is alleged to have committed acts of misconduct. (SAC, pages 12 through page 14). Importantly, none of the alleged acts attributable to the undisclosed third party are associated with any form of debt collection. Instead, they are related to Safeguard's property inspection. And Plaintiffs themselves expressly allege that the purpose of the third party's visit to the Real Property was to "enter the property" and "scare" the minor children – not to assert or collect on any debt. (SAC, paragraph 91).

The SAC alleges a January 28, 2014 letter, which advised Amelina that the Loan had been referred to a foreclosure firm. (SAC, paragraph 103 through 105). This letter is not debt collection. Last, the SAC alleges that M&T sent a letter on January 30, 2014, advising Amelina that the foreclosure process had begun. (SAC, paragraph 109). This is not debt collection.

### E. THE MINOR CHILDREN HAVE NO STANDING UNDER AND ARE NOT PROTECTED BY EITHER OF THE ACTS.

First, as shown above, M&T is not a debt collector and is not engaged in debt collection under either Act. Therefore neither Act applies to M&T. And the Minor Children are not "consumers" who are protected by the RFDCPA, and therefore they have no standing. Plaintiffs avoid these facts by arguing that debt collectors may not engage in misconduct outlined in their Opposition.

### F. PLAINTIFFS' ARGUMENTS ON THEIR CAUSES OF ACTION FOR NEGLIGENT AND INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS AND INVASION OF PRIVACY FAIL.

As discussed fully in the motion and this reply, M&T is not a debt collector. And although Plaintiffs have gone to great lengths to make much of it, M&T did nothing to exceed its regular servicing role. Here, Amelina was in default and in the midst of foreclosure. It is axiomatic that foreclosures pose a hardship on property owners. Yet if this was the main consideration, lenders and their servicers would never be permitted to enforce the security interest and proceed to sale. Alcaraz v. Wachovia Mortg., FSB, 592 F. Supp. 2d 1296, 1301-02 (E.D. Cal. Jan. 6, 2009). Accordingly, these claims for relief fail.

Further, under the SAC, M&T was not involved in any of the alleged "harassing" or "abusive" conduct, and thus there is no factual support for the premise that M&T exceeded its servicing role. The SAC alleges that Safeguard sent Amelina a postcard, and the SAC recites the wording of that postcard verbatim. (SAC, paragraph 74). Nothing about either of this postcard is "harassing" or "abusive." The SAC goes on to allege that Safeguard hired some

-7-
DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

1  undisclosed third party individual (whom Plaintiffs call an "intruder"), who
2  allegedly is responsible for misconduct at the Real Property.  Even if every
3  allegation is true, there is not a single allegation in the SAC that M&T actually
4  participated in any of the alleged misconduct.  Instead of addresses this failing,
5  Plaintiffs take the giant leap in their Opposition of arguing that M&T "forcibly
6  enter[ed] the property, intentionally scare the children…and later lurk[ed] around"
7  the Real Property.  (Opposition, page 16, lines 9 through 11).  M&T is a business
8  entity, not an individual who can do those things, and it is disingenuous for
9  Plaintiffs to contend otherwise.
10      Plaintiffs also argue that M&T hired and instructed the undisclosed person to
11  enter the property and conduct surveillance of the property.  But the SAC alleges
12  that Safeguard hired the person, not M&T.  And the SAC alleges that one of the
13  minor children actually "inquired as to the identity of the intruder."  (SAC,
14  paragraph 93).  So, Plaintiffs should have more information to identify this
15  undisclosed third party, but chose not to do so in order improperly bootstrap M&T
16  to their allegations.

17  **III.   CONCLUSION**
18      For the reasons set forth above as well as in its Motion, M&T respectfully
19  requests that its Motion to Dismiss be granted without leave to amend.

20
21      Respectfully submitted,
22      WRIGHT, FINLAY & ZAK, LLP
23  Dated: August 10, 2015     By:     */s/ Patricia L. Penny, Esq.*
24      Robin P. Wright, Esq.
25      Patricia L. Penny, Esq.
    Attorneys for Defendant,
26      MANUFACTURERS AND TRADERS
    TRUST COMPANY aka M&T BANK
27
28

-8-
DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

# PROOF OF SERVICE

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On August 10, 2015, I served the **DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** on all interested parties in this action as follows:

| Jessica R. K. Dorman, Esq.<br>Robert L. Hydge, esq.<br>HYDE & SWIGART<br>2221 Camino Del Rio South, Suite 101<br>San Diego, CA 92108<br>*Attorney for Plaintiffs,*<br>*Victoria A. Amelina* | Roger M. Mansukhani, Esq.<br>Kimberly D. Howatt, Esq.<br>Joni M. Borzcik, Esq.<br>GORDON REES LLP<br>101 W. Broadway, Suite 2000<br>San Diego, CA 92101<br>*Attorney for Defendants,*<br>*Safeguard Properties, LLC* |
|---|---|

[ ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices. (Courtesy Service)

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E).

[X]   (**FEDERAL**) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 10, 2015, at Newport Beach, California.

/s/ Gretchen Grant
Gretchen Grant