Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
T: (619) 233-7770
F: (619) 297-1022

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:    (800) 520-5523

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VICTORIA A. AMELINA, AN INDIVIDUAL; AND A.A.; D.S AND B.S., EACH INDIVIDUALS AND MINORS BY AND THROUGH THEIR GUARDIAN AD LITEM, VICTORIA A. AMELINA,**<br><br>                    PLAINTIFFS,<br>V.<br><br>**MANUFACTURERS AND TRADERS TRUST COMPANY AKA M&T BANK, SAFEGUARD PROPERTIES, LLC, AND THE WOLF LAW FIRM, A LAW CORPORATION,**<br><br>                    DEFENDANTS. | Case No: 14-CV-1906-WQH-NLS<br><br>**PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>**Date:** January 19, 2016<br>**Time:** __N/A_____<br>**Room:** __N/A_____<br>**Judge:** Hon. William Q. Hayes<br><br>**No Oral Argument Unless Requested by the Court** |

## I. INTRODUCTION

On August 13, 2014, Plaintiffs Victoria Amelina and her three children, A.A., D.S., and B.S. brought this case against Defendants Manufacturers and Traders Trust Company aka M&T Bank ("M&T Bank"), Safeguard Properties, LLC ("Safeguard"), and The Wolf Law Firm, A Law Corporation ("Wolf"), for violations of the Fair Debt Collection Practice Act 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.32 (hereinafter "Rosenthal Act"), Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, and Invasion of Privacy.

Plaintiffs bring this motion for leave to amend their complaint to add additionally factual detail to further bolster Plaintiffs' allegations and claims against Defendants. Attached to the Declaration of Jessica R. K. Dorman as Exhibit A is Plaintiffs' proposed Third Amended Complaint.

## II. PROCEDURAL HISTORY

Plaintiffs filed their action on August 13, 2014. [Dkt. No. 1]. Shortly thereafter, Plaintiffs sought and were granted guardian ad litem by Plaintiff Victoria Amelina for her three children, A.A., D.S., and B.S.. [Dkt. Nos. 3-4]. Subsequently, Defendants Safeguard and Defendant M&T Bank each filed motions to dismiss for failure to state a claim under F.R.C.P. 12 on October 6, 2014 and October 22, 2014 respectively. [Dkt. Nos. 5 & 10]. Meanwhile, Defendant Wolf filed an answer to Plaintiffs' Complaint on October 8, 2014. [Dkt. Nos. 6].

Thereafter, Plaintiffs and Wolf jointly filed a request for leave for Plaintiffs to file an Amended Complaint. [Dkt. No. 11]. Plaintiffs then filed their First Amended Complaint on October 27, 2015. [Dkt. No. 12]. Subsequently, all three defendants filed individual motions to dismiss Plaintiffs' First Amended Complaint requesting that Plaintiffs complaint be dismissed without leave to amend and/or with prejudice. [Dkt. Nos. 18, 20, and 28]. Plaintiffs opposed each of the motions

1  to dismiss and thereafter, each defendant filed their reply briefs. [Dkt. Nos. 22, 23,
2  26, 27, 32, 33]. No oral argument was heard on the motions pursuant to chamber
3  rules.

4  On March 13, 2015, the court issued its order on all three motions. [Dkt. No.
5  35]. This order granted Defendants' motions to dismiss, but failed to state whether
6  Plaintiffs could file an amended Complaint to address the issues raised by the
7  court's order, or whether the Complaint was dismissed with prejudice or without
8  prejudice.

9  On April 23, 2015, the Court issued its order on Plaintiffs' Motion for
10 Clarification and ordered that Plaintiffs could file a Motion for Leave to Amend if
11 they wished to, and that such motion would need to be filled by May 23, 2015.
12 [Dkt. No. 41].

13 Thereafter, on May 22, 2015, Plaintiffs filed their motion for leave to amend,
14 which was granted despite Defendant's opposition. [Dkt. Nos. 42-46]. Plaintiffs
15 filed their Second Amended Complaint on June 30, 2015. [Dkt. No. 47].
16 Defendants each filed their own Motions to Dismiss Plaintiff's Second Amended
17 [Dkt. Nos. 48-50], which Plaintiffs each opposed [Dkt. Nos. 51, 52, 55], and
18 Defendants each supported with individual reply briefs [Dkt. Nos. 53, 54, 56]. After
19 all of the briefing, the court granted, each of Defendant's motions, but gave leave
20 for Plaintiffs to file a motion for leave to amend by December 17, 2015. [Dkt. No.
21 57].

22 **III.   LEGAL STANDARD**

23 Federal Rule of Civil Procedure 15(a) provides that, once a responsive
24 pleading has been filed, "a party may amend the party's pleading only by leave of
25 the court or by written consent of the adverse party; and leave shall be freely given
26 when justice so requires." Fed. R. Civ. P. 15(a). The decision whether to grant
27 leave to amend is within the discretion of the trial court. *See, e.g., PSG Co. v.*
28 *Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 417 F.2d 659, 664 (9th Cir. 1969).

The Supreme Court has instructed lower courts to heed the language of Rule 15(a) to grant leave freely when justice requires. *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir. 1973).

Because Rule 15(a) mandates that leave to amend should be freely given when justice so requires, the rule is to be interpreted with "extreme liberality." *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). Four factors are considered when a court determines whether to allow amendment of a pleading: (1) prejudice to the opposing party; (2) undue delay; (3) bad faith; and (4) futility. *See Forsyth v. Humana,* 114 F.3d 1467, 1482 (9th Cir. 1997); *DCD Programs, Ltd. v. Leighton,* 833 F,2d 183, 186 (9th Cir. 1987); *see also Forman v. Davis,* 371 U.S. 178, 182 (1962). The party <u>opposing</u> the motion bears the burden of demonstrating why leave to amend should not be granted. *Senza-Gel Corp. v. Seiffhart,* 803 F.2d 661, 666 (Fed. Cir. 1996)(applying Ninth Circuit law).

### IV.   ARGUMENT

Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been filed, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision whether to grant leave to amend is within the discretion of the trial court. *See, e.g., PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 417 F.2d 659, 664 (9th Cir. 1969). The Supreme Court has instructed lower courts to heed the language of Rule 15(a) to grant leave freely when justice requires. *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir. 1973). Because Rule 15(a) mandates that leave to amend should be freely given when justice so requires, the rule is to be interpreted with "extreme liberality." *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). Four factors are considered when a court determines whether to allow amendment of a pleading: (1) prejudice to the opposing party; (2) undue delay; (3) bad faith; and (4) futility. *See Forsyth v. Humana,* 114 F.3d 1467, 1482 (9th Cir. 1997); *DCD Programs, Ltd.*

1  *v. Leighton,* 833 F,2d 183, 186 (9th Cir. 1987); *see also Forman v. Davis,* 371 U.S.
2  178, 182 (1962).  The party <u>opposing</u> the motion bears the burden of demonstrating
3  why leave to amend should not be granted.  *Senza-Gel Corp. v. Seiffhart,* 803 F.2d
4  661, 666 (Fed. Cir. 1996)(applying Ninth Circuit law).

5      A.    **DEFENDANTS WILL NOT BE PREJUDICED IF PLAINTIFFS AMEND THEIR**
6            **PLEADINGS.**

7      Defendants would not be prejudiced by the amendment.  Prejudice is the
8  most important factor when considering a late amendment.  *See Eminence Capital,*
9  *LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003); *Wood v. Santa Barbars*
10 *Chamber of Commerce, Inc.,* 705 F.2d 1515, 1520 (9th Cir. 1983).  Even when there
11 is some prejudice, there must be *substantial* prejudice to justify denial of leave to
12 amend.  *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.
13 1990).  "Absent prejudice, or a strong showing of any of the remaining <u>Forman</u>
14 factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to
15 amend." *Id.* (Emphasis in original.)  As the Ninth Circuit has explained, prejudice
16 arises only where the claims to be added would substantially alter the nature of the
17 litigation and force a defendant to undertake an entirely new defense.  *Morongo*
18 *Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990).

19     Here, this case still is at a stage where allowing the amendment would cause
20 no prejudice to Defendants nor will it impact the progression of this case in any
21 fashion.  The Defendants have yet to file an Answer in this action and have only
22 filed their Motions to Dismiss.  [*See Docket*].  Plaintiffs' substantive claims will
23 remain essentially the same, except now with additional detail and facts to bolster
24 Plaintiffs' claims; Plaintiffs are still alleging violations of the FDCPA, Rosenthal
25 Act, and Negligent and Intentional Infliction of Emotional Distress, and Invasion of
26 Privacy; however Plaintiffs now have added further factual basis to support their
27 claims, and are now providing the court with documentary proof of their claims as
28 exhibits to the Complaint.

## B.  PLAINTIFFS HAVE NOT ENGAGED IN UNDUE DELAY OR BAD FAITH IN BRINGING THE INSTANT MOTION.

Additional factors examined is whether there have been "undue delay" or "bad faith" in bringing this motion. *Forsyth v. Humana, supra,* 114 F.3d at 1482 (9th Cir. 1997). Plaintiffs did not unreasonably delay bringing the instant motion. The court specifically granted Plaintiffs 30 days from November 17, 2015 to bring this instant motion. [Dkt. No. 57]. Here, no factors are present that would justify denying leave to amend. Plaintiff brings this motion for the purposes of judicial economy and to litigate all potential claims against all Defendants in a single action.

## C.  THE PROPOSED AMENDMENT IS NOT FUTILE BECAUSE THE FACTS SET FORTH BY PLAINTIFF, IF PROVEN, CONSTITUTE VALID CLAIMS.

Another factor to examine under *Forsyth v. Humana, supra,* 114 F.3d at 1482 (9th Cir. 1997), is whether the proposed amendment would be futile. A proposed amendment is futile only if it appears beyond a doubt that no set of facts can be proved under the amendment that would constitute a valid claim. *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988); *DCD Programs Ltd.,* 833 F.2d at 188. Courts will most often defer consideration of the merits of a proposed amendment until after leave is granted. *Netbula, LLC v. Distinct Corp.,* 212 F.R.D. 534, 539 (N.D. Cal. 2003)(citing Schwarzer, *California Practice Guide: Federal Civil Procedure Before Trial* at 8:422 (The Rutter Group 2002). In this case, Plaintiffs have addressed the failings raised by the court in its Ordering Granting Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint and has alleged at least colorable claims against Defendants under the the five causes of action raised. Plaintiffs' amendment only seeks to add additional factual basis and allegations to supplement previous allegations, as well as add documentary proof of Plaintiff's claims as exhibits to the Third Amended Complaint. Thus, the claims are not futile.

## V. CONCLUSION

Since Plaintiffs' request is timely, no prejudice is present nor is Plaintiffs' request in bad faith or futile, Plaintiffs respectfully requests that the Court allow Plaintiffs to file their Third Amended Complaint, filed together with this motion as Exhibit A to the Declaration of Jessica R. K. Dorman.

**Hyde & Swigart**

Date: December 16, 2015        By: /s/Jessica R. K. Dorman
                                   Jessica R. K. Dorman
                                   Attorneys for Plaintiffs