Abe G. Salen (SBN 182366)
Email: Abe.Salen@wolffirm.com
THE WOLF FIRM, A Law Corporation
2955 Main Street, Second Floor
Irvine, CA 92614
Telephone: (949) 720-9200
Fax: (949) 608-0129

Attorneys for Defendant
THE WOLF FIRM, A Law Corporation, erroneously
sued herein as THE WOLF LAW FIRM, A Law Corporation

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTORIA A. AMELINA, an individual; and A.A.;D.S.; and B.S., each individuals and minors by and through their Guardian Ad Litem, Victoria A. Amelina,<br><br>Plaintiffs.<br><br>vs.<br><br>MANUFACTURERS and TRADERS TRUST COMPANY aka M&T BANK, SAFEGUARD PROPERTIES, LC and THE WOLF LAW FIRM, A Law Corporation,<br><br>Defendants. | Case No.: 3:14-CV1906-WQH-NLS<br><br>Assigned for all Purposes to:<br>The Honorable William Q. Hayes<br><br>**OPPOSITION OF DEFENDANT THE WOLF FIRM TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE THIRD AMENDED COMPLAINT**<br><br>DATE: January 19, 2016<br>TIME: N/A<br>DEPT: N/A<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT<br><br>Complaint Filed : August 13, 2014<br>Trial Date        : None Set |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

This lawsuit arises from facts related to plaintiff VICTORIA AMELINA ("plaintiff") and her ownership of residential real property located in San Diego, California (the "Property"). After defaulting on her loan, non-judicial foreclosure proceedings were initiated by the substitute trustee, defendant THE WOLF FIRM, A Law Corporation, erroneously sued herein as THE WOLF LAW FIRM, A Law Corporation ("Wolf"). Plaintiff alleges that Wolf's conduct violated the Fair Debt Collection Practices Act ("FDCPA"). Although plaintiff has added additional facts to each of her successive amended complaints in an effort to sufficiently allege facts against defendant Wolf to assert a claim for violation of the FDCPA, the law remains clear that in the Ninth Circuit, non-judicial foreclosure activities are not considered debt collection within the scope of the FDCPA – and, even if they were, plaintiff has still not sufficiently alleged that Wolf was a "debt collector" as defined by the FDCPA. Plaintiff has had her proverbial "three bites at the apple", to no avail. She should not be entitled to a fourth "bite", especially as the proposed Third Amended Complaint does not add any new facts that suggest that Wolf acted beyond its scope as foreclosure trustee. For that reason, plaintiff's motion for leave should be denied.

## 2. WHILE LEAVE TO AMEND IS WITHIN THE DISCRETION OF THE COURT, LEAVE SHOULD BE DENIED WHEN FURTHER AMENDMENT IS FUTILE.

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." As the U.S. Supreme Court stated, "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 US 178, 182 (1962). The *Foman* court thereafter suggested certain factors that could provide a court with reason to deny leave: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Id.*; *Carvalho v. Equifax Info Servs., LLC*, 629 F.3d 876, 892-893 (9th Cir. 2010).

The foregoing "*Foman* factors" are especially relevant in the instant case, and in particular, the point that any further leave would be futile. *Leadsinger v. BMG Music Pub*, 512 F.3d 522, 532 (9th Cir. 2008).

In the instant matter, plaintiff's clear dilemma is that non-judicial foreclosure activity is not covered within the parameters of the FDCPA in

1  the jurisdiction covered by the Ninth Circuit.  *Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D. Ore 2002); *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008); *Makreas v. First Nat'l. Bank of Northern California*, 856 F.Supp.2d 1097, 1101 (N.D. Cal. 2012).

As to Wolf, plaintiff concedes that Wolf only communicated with plaintiff upon being substituted in as the foreclosure trustee on or about April 28, 2014.  Thereafter, all communications with Wolf pertained to Wolf's statutory notice requirements.  The proposed Third Amended Complaint (proposed "TAC") [MFL, Exhibit "A"] and Exhibit 7 confirm that the April 28, 2014 "letter" was a Notice that foreclosure activity had begun at the direction of M&T Bank, that there was a default, and provided both the amount in default and the outstanding balance, among other notices.  Nowhere within that first letter was there a provision that plaintiff "pay back the money or else foreclosure activity would proceed." [SAC, ¶¶113, 118.] Indeed, the letter was accompanied by the Notice of Default.  Thus, foreclosure activity had begun. [MFL Ex 7.]

Plaintiff previously alleged that Wolf was attempting to collect a debt, and communicated with plaintiff in an effort to harass and intimidate plaintiff. [SAC, ¶¶114, 120.]  However, while the April 28th letter is entitled, "Notice Under Fair Debt Collection Practices Act" and

OPPOSITION OF DEFENDANT THE WOLF FIRM TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE THIRD AMENDED COMPLAINT
6272-4539

further includes a disclaimer that Wolf "is acting as a debt collector and attempting to collect a debt," these provisions on the letter are simply disclaimers used in caution.  Such language on a law firm's letterhead "without more, [does] not transform the firm into a debt collector for all purposes … [and] is insufficient to raise a triable issue of fact on the question of the firm's status as a debt collector." *Golliday v. Chase Home Fin., LLC*, 761 F.Supp.2d 629, 636 (W.D. Mich. 2011).

In a recent decision very similar to the instant case, *Cochran v. The Bank of New York Mellon Trust Company, NA*, No. CV 15-3209-GHK (JCx) (C.D. Cal. July 29, 2015), the court specifically addressed the "debt validation" letters often included with or around the time of the notice of default, and held that such letters (so-called "dunning" letters) were part of non-judicial foreclosure activities.

Moreover, plaintiff concedes in her proposed TAC that Wolf's principal business purpose is expansive.  Plaintiff's proposed TAC alleges that "for over twenty-five years, [Wolf has] regularly 'provided a broad array of legal and related services throughout California and nationally to lenders, servicers, investors, governmental agencies and other members of the financial services community' through 'cradle-to-grave services' that include Collection, Replevin/Claim and Delivery,' …" [MFL Ex "A", ¶43.]  However, "debt collection that is only 'some part' of a

defendant's business is insufficient to state a claim under the FDCPA." *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013). In short, plaintiff's proposed allegations concede that debt collection is not the principal purpose of Wolf; rather, it has a broad array of services, including collection.

This is plaintiff's fourth opportunity to allege facts that Wolf's conduct went beyond its foreclosure-related obligations, and, once again, her efforts have failed. Further amendment, therefore, is clearly futile.

As such, plaintiff's motion seeking leave to amend should be denied.

## 3. **CONCLUSION**

Plaintiff has now had three attempts to allege facts sufficient to state a cause of action against Wolf for violating the FDCPA. Plaintiff's proposed fourth attempt clearly alleges that Wolf neither is a debt collector as defined by the FDCPA nor conducted itself in a manner that exceeded the scope of its statutorily mandated foreclosure activities. Further leave would, thus, be futile.

/ / /

/ / /

/ / /

For the foregoing reasons, plaintiff's motion for leave to amend and file a Third Amended Complaint should be denied.

Date:  December 30, 2015                THE WOLF FIRM, A LAW CORPORATION


By:   /s/ Abe G. Salen
          Abe G. Salen
Attorneys for Defendant
THE WOLF FIRM, A Law Corporation, erroneously sued herein as THE WOLF LAW FIRM, A Law Corporation

# CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to nor interested in the within action. My business address is 2955 Main Street, Second Floor, Irvine, California 92614.

A true and correct copy of the foregoing document(s), entitled:
**OPPOSITION OF DEFENDANT THE WOLF FIRM TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE THIRD AMENDED COMPLAINT**
will be served or was served (a) on the judge in chambers in the form and manner required by Local Rule ("LR") 5.4.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders, the foregoing documents will be served by the Court via NEF and hyperlink to the document. On December 30, 2015, I checked the CM/ECF docket for this matter and determined that the following persons on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated on the attached service list.

2. **SERVED BY UNITED STATES MAIL:** On December 30, 2015, I served the following persons and/or entities at the last known address in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid and addressed as follows.

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state the method for each person or entity served): Pursuant to F.R.Civ. P. 5 and/or controlling local rules,           , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the Judge here constitutes a declaration that personal service on overnight mail to, the judge will be completed no late than by 12:00 p.m. (Noon) the following business day. Service information continued on attached service list.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on December 30, 2015, at Irvine, CA.

　　　　　　　　　　　　　　　　__/s/ Jess Ramos_____
　　　　　　　　　　　　　　　　Jess Ramos

# SERVICE LIST
VICTORIA A. AMELINA, et al. vs. MANUFACTURERS and TRADERS TRUST COMPANY, et al.

Case No. 14CV1906-WQH-NLS

**I. SERVED ELECTRONICALLY VIA NEF**

Jessica R.K. Dorman, Esq.
Robert L. Hyde, Esq.
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Email: Jessica@westcoastlitigation.com
Email: bob@westcoastlitigation.com

Abbas Kazerounian, Esq.
**Kazerouni Law Group, APC**
Patricia L. Penny, Esq.
Wright, Finlay & Zak, LLP
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
 Email: ak@kazlg.com

[Attorneys for Plaintiffs]

**II. SERVED ELECTRONICALLY VIA NEF**

Kimberly D. Howatt, Esq.
Roger M. Mansukhani, Esq.
**GORDON & REES LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101
Email: khowatt@gordonrees.com
Email: rmansukhani@gordonrees.com
[Attorneys for Defendant SAFEGUARD PROPERTIES, LLC.]

**III. SERVED ELECTRONICALLY VIA NEF**

Robin P. Wright, Esq.
Patricia L. Penny, Esq.
**WRIGHT, FINLAY & ZAK, LLP**
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Email: rwright@wrightlegal.net
Email: ppenny@wrightlegal.net
[Attorneys for Defendant M&T Bank]

**IV. SERVED VIA U.S. MAIL**

Honorable Judge William Q. Hayes
United States District Court Southern District

OPPOSITION OF DEFENDANT THE WOLF FIRM TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE THIRD AMENDED COMPLAINT

6272-4539

1 | Courtroom 14B (14th Floor- Annex)
2 | Suite 1480
  | 333 West Broadway
3 | San Diego, CA 92101
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OPPOSITION OF DEFENDANT THE WOLF FIRM TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE THIRD AMENDED COMPLAINT

6272-4539