| | |
|---|---|
| 1 | ROGER M. MANSUKHANI  (SBN: 164463) |
| 2 | KIMBERLY D. HOWATT  (SBN: 196921)<br>JONI B. FLAHERTY  (SBN: 272690) |
| 3 | GORDON & REES LLP<br>101 W. Broadway, Suite 2000 |
| 4 | San Diego, CA  92101<br>Telephone:  (619) 696-6700 |
| 5 | Facsimile:  (619) 696-7124<br>rmansukhani@gordonrees.com |
| 6 | khowatt@gordonrees.com<br>jflaherty@gordonrees.com |
| 7 | Attorneys for Defendant |
| 8 | SAFEGUARD PROPERTIES, LLC |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victoria A. Amelina, an individual; and A.A.; D. S and B.S., each individuals and minors by and through their Guardian Ad Litem, Victoria A. Amelina,<br><br>                    Plaintiff,<br><br>     vs.<br><br>Manufacturers and Traders Trust Company aka M&T Bank, Safeguard Properties, LLC, and the Wolf Law Firm, A Law Corporation.<br><br>                    Defendants. | CASE NO. 3:14-CV-001906 WQH-NLS<br><br>**DEFENDANT SAFEGUARD PROPERTIES, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Date:   January 19, 2016<br>Time:  No Oral Argument Pursuant to Local Rules<br>Judge: William Q. Hayes<br>Courtroom:  14B<br><br>Complaint Filed: August 13, 2014 |

Defendant Safeguard Properties, LLC ("Safeguard" or "Defendant") hereby submits its opposition to the motion of the above-captioned plaintiffs ("Plaintiffs") for leave to file a third amended complaint.

## I.
## SUMMARY OF OPPOSITION

Plaintiffs have already been given three opportunities to plead their claims under the Fair Debt Collection Practices Act ("FDCPA") and corresponding state law theories. Twice over, they have been given specific guidance by this Court as to where their pleading deficiencies lie, through this Court's detailed orders granting the defendants' two rounds of motions to dismiss under Fed. R. Civ. P. 12(b)(6). Now, Plaintiffs' proposed *fourth* pleading effort reflects that they are *still* unable to allege sufficient facts to remedy the previously-identified defects and/or to otherwise state their FDCPA and related claims. As such, any further leave to amend would be futile, and – particularly in light of the prior amendments already allowed – Plaintiffs' motion for leave to file a third amended complaint should be denied.[1]

## II.
## PROCEDURAL BACKGROUND

Plaintiffs' original complaint ("Complaint") was filed in August 2014 and thereafter met by a Fed. R. Civ. P. 12(b)(6) motion to dismiss from Safeguard. (Docs. 1, 5.) Safeguard argued, *inter alia*, that the allegations in the Complaint reflected that Safeguard was neither engaged in acts of debt collection as to Plaintiffs, nor a debt-collecting business, as necessary for an FDCPA claim. (Doc. 5-1, p. 1.) While Safeguard's motion to dismiss was pending, Plaintiffs requested and obtained this Court's permission to file a First Amended Complaint ("FAC"). (Docs. 11-13.)

---

[1] Should this Court to allow amended pleadings against the *other* two defendants, it should still deny Plaintiffs' motion for leave to file their TAC against Safeguard.

-1-

The FAC contained many of the same defects that had previously been raised in Safeguard's motion to dismiss the Complaint.  Accordingly, Safeguard filed a second Rule 12(b)(6) motion to dismiss, identifying these still-extant pleading flaws in the FAC.  (Doc. No. 20-1, p. 1.)  In March 2015, this Court granted Safeguard's motion to dismiss Plaintiffs' FAC, finding that "the alleged conduct of Defendant Safeguard does not constitute 'debt collecting,' … under the FDCPA."  (Doc. 35 (the "Dismissal Order"), p. 13.)  This Court also dismissed the remainder of Plaintiffs' (state law) claims after declining to exercise supplemental jurisdiction.  (Doc. 35 at p. 17.)

Plaintiffs sought "clarification" of the Dismissal Order (Doc. 36), which this Court denied, but at the same time permitted Plaintiffs until May 22, 2015 to bring a motion for leave to file an amended pleading.  (Doc. 41, p. 4.)  Plaintiffs waited until the very last permissible date to file their motion for leave to file a second amended complaint ("SAC").  In such motion, Plaintiffs argued that leave was not futile because they had "addressed the failings raised by the court" in its prior dismissal order.[2]  (Doc. 42-1, p. 5, lns. 14-16.)   This Court granted Plaintiffs leave to amend, and the SAC was filed on June 30, 2015.  (Doc. 47.)

Plaintiffs, however, had *not* "addressed the failings raised by the court" (Doc. 42-1, *supra*); in particular, the new facts they added in the SAC were either impermissibly conclusory or did not support their legal claims (or both).  Namely, Plaintiffs still failed to allege facts to show that Safeguard was either a debt collector or engaged in debt collection activity as to Plaintiffs, as requisite to their FDCPA claim.  Thus, Safeguard filed a third motion to dismiss under Rule 12(b)(6) (Doc. 49), which was again granted by this Court, on essentially the same grounds as before, i.e.:

---

[2]  Plaintiffs preceded this argument with the additional assertions that Defendants would not be prejudiced by the amended pleadings and that they had not engaged in undue delay or bad faith.  (Doc. 42-1, pp. 3-4.)

> [t]he conclusory allegations in the SAC that the purpose of the [Safeguard] postcard and the agent's visit were 'to collect on the alleged debt' or 'to effect dispossess and disablement of Plaintiffs' property' are insufficient to show that Defendant Safeguard was attempting to collect a debt. [citations omitted.]

(Doc. 57, p. 16 (the "Second Dismissal Order").) That is, once again, this Court found that "the alleged conduct of Defendant Safeguard does not constitute debt collecting," (Id. at p. 17) and therefore granted dismissal of the SAC.[3]

In the Second Dismissal Order, this Court allowed Plaintiffs 30 days (i.e., until December 17, 2015) to file a motion for leave to file a further amended complaint, expressly requiring Plaintiffs to present a proposed pleading with their motion. (Doc. 57, pp. 21-22.) Plaintiffs again waited until the very last date possible to file such motion (Doc. 58-1), to which this Opposition responds.

In support of their motion to file a third amended complaint (the "Proposed TAC"), Plaintiffs offer the almost-*identical* points and authorities as those that they submitted in support of their motion for leave to file the SAC. (*Compare e.g.*, Doc. 42-1, p. 2, ln. 13 – p. 5, ln. 19 *to* Doc. 58-1, p. 2, ln. 23 – p. 5, ln. 28.) In essence, they argue that there is no prejudice because no defendant has yet filed an answer and the claims for relief remain the same; that there has not been undue delay or bad faith; and, once again, that they "have addressed the failings raised by the court" in the Second Dismissal Order (Doc. 58-1, p. 5, ln. 22) – without any explanation of how they did so – such that amendment would not be futile.

Plaintiffs, once again, are incorrect; namely, they have not addressed the "failings" in their pleadings as to Safeguard, thus squarely establishing that any further amendment of the pleadings would, indeed, be futile. Indeed, Plaintiffs *fourth* effort at a viable complaint contains the very same flaws that led to this Court's prior orders of dismissal, *twice over*. Their new "documentary proof"

---

[3] This Court also again declined to exercise supplemental jurisdiction as to the remaining (state law) claims. (Doc. 57, pp. 20-21.)

-3-

1  (Doc. 58-1, p. 4, lns. 27-28), attached as exhibits to the Proposed TAC, has
2  virtually <u>no relation or relevance to Safeguard</u>, and there are no additional factual
3  allegations as to Safeguard that could overcome the previously and repeatedly
4  identified defects in Plaintiffs' pleadings.
5    Even so, almost a year and a half since the original filing of their lawsuit,
6  Plaintiffs seek to hold Safeguard in litigation limbo, to address yet *another* round
7  of pleadings with the *same defects*, after having had several opportunities – and
8  this Court's specific guidance via its Dismissal Order(s) – to identify facts to meet
9  the threshold legal elements of their claims.  They are plainly unable to do so;
10 therefore, a grant of leave to amend is unsupported.
11   Plaintiffs' motion should be denied on the following grounds:
12 •     Plaintiffs' request for leave to file an amended pleading is futile, as is
13 demonstrated by the Proposed TAC; and,
14 •     Plaintiffs' have had multiple opportunities to properly amend their
15 pleadings yet have failed to do so.
16   On either of these grounds, or both, Plaintiffs' motion for leave to file a
17 TAC is properly denied, either entirely or as to Safeguard, individually.

### III.
### <u>PLAINTIFFS' PROPOSED TAC REFLECTS THAT LEAVE TO AMEND WOULD BE FUTILE, AS IT CONTAINS THE SAME DEFECTS ON WHICH THIS COURT PREVIOUSLY GRANTED DISMISSAL</u>

22   "[L]iberality in granting leave to amend is subject to several <u>limitations</u>."
23 *Ascon Properties, Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)
24 [emphasis added].  In determining whether to allow an amendment, a court
25 considers whether there is "undue delay," "bad faith," "undue prejudice to the
26 opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182,
27 83 S. Ct. 227 (1962).  "Leave need <u>not</u> be granted where the amendment of the
28 complaint would cause the opposing party undue prejudice, is sought in bad faith,

-4-

1  constitutes an exercise in futility, or creates undue delay." *Id.* (citing *DCD*
2  *Programs Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987) [emphasis added].

3  Futility of amendment is a proper basis for denying a request for leave to
4  amend. *Foman v. Davis*, 371 U.S. at 182. "A motion for leave to amend may be
5  denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton,*
6  *Inc.*, 845 F.2d 209, 214 (9th Cir. 1989) (amendment allowed where affirmative
7  evidence offered by movant to overcome argument of futility), citing 3 J. Moore,
8  *Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974) (proper test to be applied when
9  determining the legal sufficiency of a proposed amendment is identical to the one
10 used when considering the sufficiency of a pleading challenged under Rule
11 12(b)(6)). "Leave to amend need <u>not</u> be given if a complaint, as amended, is
12 subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538
13 (9th Cir. 1989) [emphasis added]; *see also*, *Diesel "Repower", Inc. v. Islander*
14 *Investments Ltd.*, 271 F.3d 1318, 1326 (11th Cir. 2001) (leave to amend properly
15 denied where proposed amendment was shown to be futile under controlling law).

16 Here, Plaintiffs offer no explanation in the body of their brief as to how they
17 proposed to cure all the defects identified in the Second Dismissal Order to show
18 that leave would not be futile; instead, they merely assert in general that they have
19 done so and attach the Proposed TAC as an exhibit. Their Proposed TAC,
20 however, indicates to the contrary, i.e., that they have not cured and cannot cure
21 their pleadings, which remain subject to dismissal, as to Safeguard in particular.

22 The amendments in the Proposed TAC consist of only, 1) a series of
23 documentary exhibits, <u>*none* of which pertain to Safeguard in any way</u>, and 2) as to
24 Safeguard, a handful of superficial and conclusory allegations that strain to
25 implicate it as an FDCPA defendant. As outlined below, Plaintiffs have offered no
26 new factual allegations as to what Safeguard does or what it purportedly did
27 specific to Plaintiffs; the allegations against Safeguard merely follow the same
28 non-viable theories asserted by Plaintiffs in the SAC, the FAC, and the Complaint.

The new allegations against Safeguard are summarized, and shown to be insufficient to adequately amend their pleadings, as follows:

i. <u>General allegations that Safeguard purportedly assists other debt collectors by entering properties in order to intimidate the residents into debt-payment and to personally deliver collection communications (Proposed TAC ¶¶48-49, 63, 134)</u>.  Like the prior allegations that were rejected by this Court as conclusory and contrary to Plaintiffs' own citation to the "pink postcard" they received from Safeguard (and thus insufficient to show Safeguard was collecting a debt (Doc. 57, p. 16, lns. 13-28)), these generalized allegations are still conclusory, factually unsupported, and even contradicted by other pleadings specific to Plaintiffs.

For example, Plaintiffs have consistently alleged that that pink postcard was *mailed* to them, not personally delivered by Safeguard at the behest of debt collectors for the purposes of prompting debt payment, as Plaintiffs now suggest is part of Safeguard's business operations.  (*See*, SAC ¶ 71; Proposed TAC ¶ 99 (reflecting that the pink postcard was mailed by Safeguard))).  Also, Plaintiffs still have not alleged that the Safeguard-sent agent who appeared at their home made any mention of a debt, nor spoke to Plaintiff Amelina, herself (as she was not home at the time).  (*See*, Proposed TAC ¶¶ 115-126.)

Accordingly, these new allegations neither show Safeguard to be a debt collector by trade nor engaged in debt collection activity as to Plaintiffs, in particular.  As such, they are not sufficient to remedy Plaintiffs' pleading defects.

ii. <u>A recitation of statutory language in an effort to classify Safeguard as a debt collector (Proposed TAC ¶¶ 50-52) and to characterize the pink post card as a "communication" under the FDCPA (Proposed TAC ¶¶ 107-108)</u>.  Mere statutory language, however, is patently insufficient to support any claim for relief.  *In re Intuit Privacy Litig.*, 138 F.Supp.2d 1272, 1278 (C.D. Cal. 2001) (bare allegations mirroring the statutory language is insufficient to survive a Rule 12(b)(6) motion to

1   dismiss). Thus, these new allegations do not provide any additional support for
2   Plaintiffs' previously-rejected claims.
3       iii.   <u>A new theory that Safeguard did not comply with certain disclosure</u>
4   <u>requirements under the FDCPA (Proposed TAC ¶¶ 109-110)</u>. These theories are
5   moot, however, because Plaintiffs cannot satisfy the threshold requirement of
6   establishing Safeguard as a debt collector or that it engaged in debt collection
7   activity in the first instance – the latter of which this Court has already concluded
8   twice over. (Doc. 35, p. 13; Doc. 57 pp. 16-17.) The allegations are also
9   improperly conclusory and a mere recitation of statutory language, and thus
10  insufficient to support a claim or survive a Rule 12(b)(6) challenge. *In re Intuit*
11  *Privacy Litig.*, 138 F.Supp.2d at 1278; *see also*, *Sprewell v. Golden State Warriors*,
12  266 F.3d 979, 988 (9th Cir. 2001) (court is not "required to accept as true
13  allegations that are merely conclusory, unwarranted deductions of fact, or
14  unreasonable inferences").

15      The remaining allegations in the Proposed TAC, as against Safeguard in
16  particular[4], are essentially the same as those that were stated in the SAC, and found
17  to be in sufficient in the Second Dismissal Order. Otherwise stated, Plaintiffs have
18  not offered any new factual allegations of Safeguard's conduct *specific to*
19  *Plaintiffs*, or of Safeguard's business in general. And, as referenced above, *none* of
20  the new exhibits to the Proposed TAC, Exhibit 1 through 8, have any bearing on or
21  support for their claims against Safeguard.

22      As a result, it remains that Plaintiffs continue to fail to offer allegations of
23  <u>fact</u> – *not* superficial or speculative conclusions, and *not* unrelated claims about

---

[4] Other amendments to the pleadings, as reflected in the Proposed TAC, have no relation to the claims against Safeguard, e.g., paragraphs 70-77 pertain to the original note underlying Plaintiff Amelina's debt and the default thereon; paragraphs 84-87 detail the initial communication to Plaintiff Amelina from M&T Bank; and paragraphs 145-148 and 150-151 describe the packages of documents sent from The Wolf Law Firm.

1  purported *generalized* conduct – that support, *inter alia*, that Safeguard was, *in*
2  *Plaintiffs' case*, attempting to collect a debt (or even is a debt collection business).
3  (*See*, Doc. 57, p. 16-17; Doc. 35, p. 13.)  Such factual allegations are mandatory
4  for Plaintiffs to state their proffered claims under the debt collection statutes.
5  *Santoro v. CTC Foreclosure Service Corp.*, 12 Fed.Appx. 476, 480 (9th Cir. 2001)
6  (upholding dismissal of plaintiffs' FDCPA claim, under Fed. R. Civ. P. 12(b)(6),
7  finding that the conduct of defendant did not constitute debt collection); *Schlegel v.*
8  *Wells Fargo Bank*, 720 F.3d 1204, 1208 (9th Cir. 2013) (affirming district court's
9  dismissal of FDCPA claim for failure to state a claim where plaintiffs' complaint
10 "fail[ed] to provide any basis from which we could plausibly infer that the
11 principal purpose of [defendant's] business is debt collection").  Plaintiffs have,
12 however, failed to include such factual allegations in the Proposed TAC;
13 accordingly any further leave to amend would be futile.
14       Moreover, it appears from the Proposed TAC that Plaintiffs have offered no
15 new or additional factual allegations to cure the defects in their state law claims, as
16 identified in each of Safeguard's original motion to dismiss.  (Doc. 49-1, pp. 12-
17 19; Doc. 20-1, pp. 9-15; Doc. 5-1, pp. 8-14.)  On these additional bases, Plaintiffs'
18 proposed amendment is demonstrably futile, and warrants the denial of their
19 present motion.

## IV.

### PLAINTIFFS' REQUEST FOR LEAVE TO FILE A *FOURTH* VERSION OF THEIR PLEADINGS IS PROPERLY DENIED BECAUSE THEY HAVE ALREADY HAD MULTIPLE OPPORTUNITIES TO AMEND

24       "Another factor occasionally considered when reviewing the denial of a
25 motion for leave to amend is whether the plaintiff has previously amended her
26 complaint." *Programs Ltd. v. Leighton*, 833 F.2d at 186, *n. 3*, citing *Mir v.*
27 *Fosburg*, 646 F.2d 342 (9th Cir. 1980).  Indeed, a plaintiff's repeated failure to
28 cure deficiencies by amendments previously allowed is a valid reason for a district

-8-

1  court to deny a party leave to amend. *McGlinchy v. Shell Chemical Co.*, 845 F.2d
2  802, 809-80 (9th Cir. 1988), citing *Foman*, 371 U.S. at 182. As the Ninth Circuit
3  in *Programs Ltd.* explained:

> In *Mir v. Fosburg* [citation omitted], the plaintiff had amended his complaint once. Both the original complaint and the amended one were dismissed for lack of jurisdiction. When the plaintiff requested leave to file a second amended complaint, the district court denied the motion. In affirming the denial, this court held that a district court's discretion over amendments is especially broad "where the court has already given a plaintiff <u>one or more opportunities to amend his complaint</u> . . ." [citations omitted].

*Id.* at 186, *n. 3* [emphasis added].

　　Here, Plaintiffs have already been given three opportunities to plead their claims under the Fair Debt Collection Practices Act ("FDCPA") and corresponding state law theories through their original pleading, the FAC, and the SAC. Twice over, Plaintiffs have been given specific guidance by this Court as to where their pleading deficiencies lie, via this Court's detailed orders granting the defendants' motions to dismiss the FAC and the SAC. As set forth above, however, Plaintiffs still have not fixed the defects in their complaint, specifically as to Safeguard, and thus Safeguard has unfairly remained subject to Plaintiffs' lawsuit for almost a year and a half, even though Plaintiffs have yet to identify any valid basis for their claims – even through the Proposed TAC.

　　Notably, a denial of leave to amend is reviewed under an abuse of discretion standard. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "Absent a definite and firm conviction that the district court committed a clear error of judgment, [the appellate court] will not disturb the district court's decision." *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (upholding denial of leave to file a fourth amended complaint following grant of motion to dismiss), citing *California Architectural Building Products, Inc. v. Franciscan*

1  *Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987), *cert. denied*, 484 U.S. 1006,
2  98 L. Ed. 2d 650, 108 S. Ct. 698 (1988).  <u>A district court's discretion to deny leave
3  to amend is particularly strong where the plaintiff has previously amended its
4  complaint</u>.  *Id.*; *see e.g.*, *Morris v. United States*, 156 Fed. Appx. 6, 8 (9th Cir.
5  2005) (district court did not abuse its discretion when it denied plaintiff leave to
6  file a third amended complaint because amendment would have been futile and the
7  district court had previously permitted plaintiff to amend).
8      Given Plaintiffs' repeated (and failed) opportunities to amend their
9  pleadings, and pursuant to the above authorities, any further leave for Plaintiffs to
10 file their Proposed TAC is properly denied.

## V.
## CONCLUSION

13     Based on the foregoing, Safeguard respectfully requests that this Court deny
14 Plaintiffs' motion for leave to file a third amended complaint.  Alternatively, and
15 should this Court find some basis to allow amended pleadings against the other two
16 defendants, Safeguard requests that this Court deny Plaintiffs' motion for leave to
17 file their TAC, specifically as against Safeguard.

Dated:  January 5, 2016

GORDON & REES LLP

By: */s/ Kimberly D. Howatt*
    Roger M. Mansukhani
    Kimberly D. Howatt
    Joni B. Flaherty
    Attorneys for Defendant
    SAFEGUARD PROPERTIES, LLC

1100077/26179109v.1

-10-
DEFENDANT SAFEGUARD'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
Case No. 3:14-CV-001906 WQH-NLS

|   |   |
|---|---|
| 1 | ROGER M. MANSUKHANI (SBN: 164463) |
| 2 | KIMBERLY D. HOWATT (SBN: 196921) |
|   | JONI M. BORZCIK (SBN: 272690) |
| 3 | GORDON & REES LLP |
|   | 101 W. Broadway, Suite 2000 |
| 4 | San Diego, CA 92101 |
|   | Telephone: (619) 696-6700 |
| 5 | Facsimile: (619) 696-7124 |
|   | rmansukhani@gordonrees.com |
| 6 | khowatt@gordonrees.com |
|   | jborzcik@gordonrees.com |

Attorneys for Defendant
SAFEGUARD PROPERTIES, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victoria A. Amelina, an individual; and A.A.; D. S and B.S., each individuals and minors by and through their Guardian Ad Litem, Victoria A. Amelina, <br><br> Plaintiff, <br><br> vs. <br><br> Manufacturers and Traders Trust Company aka M&T Bank, Safeguard Properties, LLC, and the Wolf Law Firm, A Law Corporation. <br><br> Defendants. | CASE NO. 3:14-CV-001906 WQH-NLS <br><br> **CERTIFITE OF SERVICE** <br><br> Date: January 19, 2016 <br> Time: No Oral Argument Pursuant to Local Rules <br> Judge: William Q. Hayes <br> Courtroom: 14B <br><br> Complaint Filed: August 13, 2014 |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP, 101 W. Broadway, Suite 2000, San Diego, California 92101. On January 5, 2016, I served the within document:

**DEFENDANT SAFEGUARD PROPERTIES, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth below.

| | |
|---|---|
| ☒ by electronic service through the CM/ECF System which automatically generates a Notice of Electronic Filing at the time said document is filed to those counsel listed below which have consented to electronic service which constitutes service pursuant to FRCP 5(b)(2)(E) and L.R. 5-3.3. | |

| | |
|---|---|
| Jessica R. K. Dorman, Esq.<br>Robert L. Hydge, esq.<br>HYDE & SWIGART<br>2221 Camino Del Rio South, Suite 101<br>San Diego, CA  92108<br>Tel: (619) 233-7770<br>Fax: (619) 297-1022<br>Emails: jessica@westcoastlitigation.com<br>          bob@westcoastlitigation.com<br><br>Abbas Kazerounian, Esq.<br>KAZEROUNI LAW GROUP, APC<br>245 Fisher Avenue, Suite D1<br>Costa Mesa, CA  92626<br>Tel: (800) 400-6808<br>Fax: (800) 520-5523<br>Email: ak@kazlg.com | ***Attorneys for Plaintiff*** |
| Patricia L. Penny, Esq.<br>Wright, Finlay & Zak, LLP<br>4665 MacArthur Court, Suite 200<br>Newport Beach, CA 92660<br>Tel.: (949) 477-5050<br>Fax: (949) 608-9142<br>Email: ppenny@wrightlegal.net | ***Attorney for Defendant Manufacturers and Traders Trust Company also known as M&T Bank*** |
| Abe Gordon Salen, Esq.<br>The Wolf Firm<br>2955 Main Street, 2nd Floor<br>Irvine, CA 92614<br>Tel.: (949) 720-9200<br>Fax: (949) 608-0129<br>Email: abe.salen@wolffirm.com | ***Attorney for Defendant The Wolf Law Firm, A Law Corporation*** |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

1 | I declare under penalty of perjury under the laws of the United State of
2 | America that I am employed in the office of a member of the Bar of this Court at
3 | whose direction the service was made.
4 | Executed on January 5, 2016.

*Sylvia Owen*

Sylvia Owen

1100077/20942300v.1

-3-
CERTIFICATE OF SERVICE
Case No. 3:14-CV-001906 WQH-NLS