# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA A. AMELINA, an individual; and A.A., D.S., and B.S., each individuals and minors by and through their Guardian Ad Litem, Victoria A. Amelina,<br><br>Plaintiff,<br>v.<br>MANUFACTURERS AND TRADERS TRUST COMPANY aka M&T BANK; SAFEGUARD PROPERTIES, LLC; and THE WOLF LAW FIRM, A Law Corporation,<br><br>Defendant. | CASE NO. 14cv1906 WQH (NLS)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File a Third Amended Complaint. (ECF No. 58).

## BACKGROUND

On August 13, 2014, Plaintiff Victoria Amelina, and Plaintiffs A.A., D.S., and B.S., each minors by and through their Guardian Ad Litem, Victoria Amelina, initiated this action by filing a Complaint in this Court. (ECF No. 1). On October 30, 2014, the Court issued an Order granting the joint motion for leave to file a first amended complaint, and the proposed first amended complaint ("FAC") (ECF No. 12), which became the operative pleading. (ECF No. 13).

On March 12, 2015, the Court granted Defendants' motions to dismiss the FAC

(ECF Nos. 18, 20, 28). (ECF No. 35).

On June 30, 2015, the Court issued an Order granting Plaintiffs' Motion for Leave to File a Second Amended Complaint. (ECF No. 46). On June 30, 2015, Plaintiffs filed a Second Amended Complaint ("SAC"). (ECF No. 47). On November 17, 2015, the Court granted Defendants' motions to dismiss the SAC (ECF Nos. 48, 49, 50) and gave Plaintiffs leave to file a Third Amended Complaint within thirty days from the entry of the Order. (ECF No. 57).

On December 17, 2015, Plaintiffs filed the Motion for Leave to File Third Amended Complaint. (ECF No. 58). On December 30, 2015, Defendant Wolf Law Firm filed an opposition. (ECF No. 59). On January 4, 2016, Defendant Manufacturers and Traders Trust Company filed a notice of non-opposition. (ECF No. 60). On January 5, 2016, Defendant Safeguard Properties, LLC filed an opposition. (ECF No. 61). On January 12, 2016, Plaintiffs filed a reply to Defendant Wolf Law Firm (ECF No. 63) and a reply to Defendant Safeguard Properties, LLC (ECF No. 62).

## DISCUSSION

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Forman* factors).

"Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the

greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Defendants contend that granting Plaintiffs leave to file a third amended complaint will be futile. (ECF Nos. 59 at 6; 60 at 2). Defendant Wolf Law Firm contends that "[a]lthough plaintiff has added additional facts to each of her successive amended complaints . . . plaintiff has still not sufficiently alleged that Wolf was a 'debt collector' as defined by the FDCPA." (ECF No. 59 at 2). Defendant Safeguard Properties, LLC contends that "new allegations neither show Safeguard to be a debt collector by trade nor engaged in debt collection activity as to Plaintiffs . . . . they are not sufficient to remedy Plaintiffs' pleading defects." (ECF No. 61 at 7).

After consideration of the submissions of the parties, the Court concludes that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption of Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316, F.3d at 1052. The Court will defer consideration of any challenge to the merits of the proposed third amended complaint until after leave to amend is granted and the amended pleading is filed. *See Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal., Oct. 31, 2006) ("In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

//

1     IT IS HEREBY ORDERED that the Motion for Leave to File Third Amended Complaint is granted. (ECF No. 58). No later than fourteen (14) days from the date this Order is filed, Plaintiffs may file the proposed third amended complaint which is attached to the Motion for Leave to File Third Amended Complaint. If Plaintiffs do not file the third amended complaint within fourteen days, the Court will order this case to be closed.

DATED: February 3, 2016

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge