1  Abe G. Salen (SBN 182366)
   Email: Abe.Salen@wolffirm.com
2  THE WOLF FIRM, A Law Corporation
   2955 Main Street, Second Floor
3  Irvine, CA 92614
   Telephone:  (949) 720-9200
4  Fax:  (949) 608-0129

5  Attorneys for Defendant
   THE WOLF FIRM, A Law Corporation, erroneously
6  sued herein as THE WOLF LAW FIRM, A Law Corporation

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  VICTORIA A. AMELINA, an individual;        Case No.:  3:14-CV1906-WQH-NLS
    and A.A.;D.S.; and B.S., each individuals
12  and minors by and through their Guardian   Assigned for all Purposes to:
    Ad Litem, Victoria A. Amelina,             The Honorable William Q. Hayes

13                    Plaintiffs.

14        vs.                                   **REPLY BRIEF OF DEFENDANT THE**
                                                **WOLF FIRM IN SUPPORT OF ITS MOTION**
15  MANUFACTURERS and TRADERS                   **TO DISMISS PLAINTIFFS' THIRD**
    TRUST COMPANY aka M&T BANK,                 **AMENDED COMPLAINT**
16  SAFEGUARD PROPERTIES, LC and
    THE WOLF LAW FIRM, A Law                    DATE: March 21, 2016
17  Corporation,                                TIME:  N/A
                                                CTRM: 14B
18                    Defendants.
                                                NO ORAL ARGUMENT UNLESS
19                                              REQUESTED BY THE COURT

20                                              Complaint Filed  : August 13, 2014
                                                Trial Date        : None Set
21

22        Defendant THE WOLF FIRM, A Law Corporation, erroneously

23  sued as The Wolf Law Firm, a law corporation ("Wolf" or "Defendant")

24  hereby respectfully submits to this Court its Memorandum of Points and

25  Authorities in Reply to Plaintiffs' Opposition to its motion to dismiss the

26  Third Amended Complaint ("TAC").

27  / / /

28  / / /

REPLY BRIEF OF DEFENDANT THE WOLF FIRM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT
6272-4539

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   ARGUMENT

### A.   The Wolf Firm's Principal Business Purpose Is Not, and Has Never Been, the Collection of Debts.

Plaintiffs must allege that Wolf is a "debt collector" under Section 1692a(6) and, at the time, was acting in its capacity as a debt collector when it communicated with plaintiffs in 2014.  Plaintiff Victoria Amelina (the only party suing Wolf and, hereafter "plaintiff") substantiates this position by alleging in her TAC that: (1) Wolf's website identifies that one of its services is collection; (2) in this instance, Wolf placed a disclaimer on its foreclosure-related communications with Plaintiff Amelina that it was acting "as a debt collector attempting to collect a debt;" and (3) in the past, it has been sued for violation of both the FDCPA and RFDCPA, its principal business purpose must be the collection of debt.

However, plaintiff's allegations still remain insufficient to allege that Wolf's *principal* business purpose is the collection of debt.  As discussed in its last motion to dismiss, and as *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2012) aptly discussed, "these allegations do not infer that the principal purpose of [Wolf's] business is debt collection."

Plaintiff alleges that Wolf's website identifies it as a collection firm and even maintains a separate contact fax and email address for the Collections Department. [Doc. No. 65, ¶42.]  This, allegation, in itself, concedes that Wolf may have other departments.

Indeed, in the very next allegation, plaintiff alleges that "Wolf advertises itself as being a law firm that has, for over twenty-five years, regularly 'provided a *broad array* of legal and related services

throughout California and nationally to lenders, servicers, investors, governmental agencies and other members of the financial services community' through 'cradle-to-grave services' that include 'Collection, Replevin/Claim and Delivery,' all regulated debt collection practices under the FDCPA and California's Rosenthal Act." [Doc. No. 65, ¶43.] Again, however, these allegations do not sufficiently allege that Wolf's *principal* business purpose is the collection of debt; rather, it merely indicates that a portion of its business is the collection of debt. While not before the court, it should also be noted that the quoted language is taken out of context from Wolf's website.

### B.    Wolf does not regularly collect debt on behalf of others.

Plaintiff also alleges in conclusory nature that Wolf "regularly and directly collects or attempts to collect debts owed or due another by accepting for collection defaulted residential loans." [Doc. No. 65, ¶37.] But, in the very next paragraph, plaintiff alleges that Wolf "… *on behalf of themselves*, engages in debt collection through acts and practices in connection with the collection of consumer debts …" [Emphasis added.] [Doc. No. 65, ¶38.]

More important to the allegations at hand, however, is that plaintiff infers that Wolf's conduct as a foreclosure trustee should be deemed debt collection activity. However, Plaintiff fails to sufficiently allege that Wolf regularly performs other non-judicially related collection activity for others.

Rather, as aptly stated by this Court in its prior Orders [Doc. Nos. 35 and 57], as well as by Wolf in its moving papers, non-judicial (or judicial) activities fall outside the scope of the FDCPA (and, ergo, the RFDCPA). See *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008); *Natividad v. Wells Fargo Bank, NA*, Case No.

1  3:12-cv-03646 JSC (N.D. Cal. May 24, 2013) [Wolf's moving papers.]

2  And, see *Diessner v. Mortgage Electronic Registration Systems*, et al,

3  618 F.Supp.2d 1184, 1188-1189 (D. Ari. 2009).

4  **C.    Wolf's Conduct In This Instance Related Solely To Its**

5  **Duties and Obligations Related to the Non-judicial Foreclosure**

6  **Process**.

7  Plaintiff contends in her Opposition that Wolf's conduct went

8  beyond its activities necessary to conduct the instant non-judicial

9  foreclosure process pertaining to Plaintiff and her property.   Plaintiff

10  argues that, where conduct "goes beyond the statutorily mandated

11  communications required for foreclosure, may be considered debt

12  collectors." N*atividad v. Wells Fargo Bank, N.A. 2013 U.S. Dist. LEXIS*

13  *74067, *28 (N.D. Cal. May 24, 2013). [Doc. 70, 10:5-8.]*

14  Plaintiff cites to *Memmott v. Newest Bank, FSB*, 2013 U.S. Dist.

15  LEXIS 185388 (D. Or. Dec. 20, 2013) for the proposition that a collection

16  letter sent during the foreclosure process but not necessary to the

17  foreclosure, qualified as a collection effort.  *Memmott*, * 13-14.

18  However, plaintiff takes the citation out of context.  In *Memmott*,

19  plaintiffs had been offered a Trial Period Plan ("TPP") as a precursor to

20  a modification arrangement.   After plaintiffs submitted their third

21  payment, the bank sent them correspondence, including plaintiffs' check

22  for the third payment, and indicated that the amount did not cover the full

23  amount due at that time.  The letter further indicated "Please contact our

24  office immediately for the amount required to bring your loan current."  A

25  disclaimer stating that, "For certain loans we service, we are required by

26  federal law to inform borrowers that we are attempting to collect a debt

27  and any information obtained will be used for that purpose."   The

28  *Memmott* court held that, in this instance, the communication was not

- 4 -

"necessary to effectuate foreclosure" and, thus, was not covered by the rule of *Hulse*. *Id.*, at *14.

Indeed, the letter in *Memmott* had nothing to do with the non-judicial foreclosure activities, but was sent by the servicer in relationship to the outstanding loan, and what was presently due.  It was not sent along with any foreclosure-related communications or otherwise did it reference foreclosure.

In the present case, the April 28, 2014, letter plaintiff alleges went beyond the foreclosure process was, in fact, delivered as part of the initiation of the foreclosure process.  Indeed, plaintiff concedes that it was delivered via the mail in conjunction with a Notice of Default and Election to Sell Under Deed of Trust, and a letter from M&T Bank regarding foreclosure prevention alternatives.  Both the April 28th letter and the M&T Bank letter explicitly confirm that non-judicial foreclosure proceedings had been initiated – as further exhibited by the attached Notice of Default. [Doc. 65-7, subdocs A and B]

The other cases cited by plaintiff in her opposition are critical of *Hulse*, and disagree with its position that foreclosure-related activity is not considered debt collection under the FDCPA.   However, most Districts in the Ninth Circuit, including the Southern District of California, repeatedly have held that conduct related to non-judicial foreclosure activities fall outside the FDCPA (and, thus, the RFDCPA). *Pratap v. Wells Fargo Bank, N.A.*, No. 12-CV-06378-MEJ, 2014 WL 3884413, *9 (N.D. Cal. Aug. 7, 2014); *Izenberg v. ETS Servs., LLC,* supra, 589 F.Supp.2d, 1193, 1199; *Putkkuri v. Recontrust Company*, No. 08cv1919 WQH (S.D. Cal. Jan. 5, 2009); *Lobato v. Acqura Loan Services*, No. 11cv2601 WQH (S.D. Cal. Feb. 23, 2012); and, recently, *Saterbak v. National Default Servicing Corporation*, No. 15cv956-WQH-NLS (S.D.

Cal. Oct. 1, 2015), citing *Santoro v. CTC Foreclosure Serv. Corp*, 12 Fed. Appx. 476, *11-12 (9th Cir. 2001).

Moreover, as stated in its moving papers, courts in the 9th Circuit have repeatedly held that letters delivered in conjunction with foreclosure activities are also exempt from liability under the FDCPA. *Beckner v. ReconTrust Co., N.A.*, 12-cv-3379-GHK (FFMx), at 4 (C.D. Cal. Oct. 15, 2012); *Cochran v. Bank of New York Mellon Trust Company NA.*, 15-3209-GHK (JCx) (C.D. Cal. Jul. 29, 2015).  Indeed, the *Cohran* court, in citing to *Beckner*, explicitly noted that "Debt Validation" correspondence relate to foreclosure-related activities: "dunning letter", NOD, "Payoff Demand Letter," and "debt validation demand letters," all were "foreclosure collection activities."; see also, *Hernandez v. Green Tree Servicing, LLC*, 2:14-cv-01438-CAS (AGRx) (C.D. Cal. June 9, 2014).

Finally, as previously indicated, plaintiff suggests that, since Wolf has been sued numerous times for FDCPA and RFDCPA violations, it must be a debt collector in accordance with these statutes.  However, Wolf has not actually been found to be a debt collector in any of these cases (or that its conduct would have been deemed debt collection): *Ananiev v. Aurora Loan Services, LLC* (N.D. Cal. 2012); *Puicon v. Franklin Credit Management Corporation, et al*, 3:2015cv04449 (N.D. Cal. 2016).

In short, plaintiffs' TAC against Wolf should be dismissed without leave to amend.

## 2.   **CONCLUSION**

For the foregoing reasons, plaintiffs' Third Amended Complaint should be dismissed as to defendant Wolf.  Plaintiff Amelina fails to allege sufficient facts to substantiate her claim that Wolf's principal business purpose is to conduct itself as a debt collector, or otherwise acted as a debt collector outside its obligations as the foreclosure trustee in this instance.  As such, their TAC against Wolf should be dismissed.  This is plaintiffs' fourth opportunity to sufficiently allege a cause of action against Wolf, to no avail.  Therefore, further leave to amend appears futile.  For the same reasons, plaintiffs' RFDCPA cause of action should be dismissed as to Wolf without leave to amend.

Thus, Wolf respectfully requests that this court grant its motion with prejudice.

Date:  March  14, 2016              THE WOLF FIRM, A LAW
                                     CORPORATION


                                     By:    /s/ Abe G. Salen
                                         Abe G. Salen
                                     Attorneys for Defendant
                                     THE WOLF FIRM, A Law
                                     Corporation, erroneously sued herein
                                     as THE WOLF LAW FIRM, A Law
                                     Corporation

REPLY BRIEF OF DEFENDANT THE WOLF FIRM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT
6272-4539

1

**CERTIFICATE OF SERVICE**

2

3

I am over the age of eighteen years and not a party to nor interested in the within action. My business address is 2955 Main Street, Second Floor, Irvine, California 92614.

4

A true and correct copy of the foregoing document(s), entitled:

5

**OPPOSITION OF DEFENDANT THE WOLF FIRM TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE THIRD AMENDED COMPLAINT**

6

will be served or was served (a) on the judge in chambers in the form and manner required by Local Rule ("LR") 5.4.

7

8

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders, the foregoing documents will be served by the Court via NEF and hyperlink to the document. On March 14, 2016, I checked the CM/ECF docket for this matter and determined that the following persons on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated on the attached service list.

9

10

11

2. **SERVED BY UNITED STATES MAIL:** On March 14, 2016, I served the following persons and/or entities at the last known address in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid and addressed as follows.

12

13

14

15

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state the method for each person or entity served): Pursuant to F.R.Civ. P. 5 and/or controlling local rules, on xxxxxxxxxxxxxx , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the Judge here constitutes a declaration that personal service on overnight mail to, the judge will be completed no late than by 12:00 p.m. (Noon) the following business day. Service information continued on attached service list.

16

17

18

19

20

21

22

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on March 14, 2016, at Irvine, CA.

23

24

25

___/s/ Jess Ramos_____

Jess Ramos

26

27

28

- 8 -

**SERVICE LIST**

VICTORIA A. AMELINA, et al. vs. MANUFACTURERS and
TRADERS TRUST COMPANY, et al.

Case No. 14CV1906-WQH-NLS

**I.   SERVED ELECTRONICALLY VIA NEF**

Jessica R.K. Dorman, Esq.
Robert L. Hyde, Esq.
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Email: Jessica@westcoastlitigation.com
Email: bob@westcoastlitigation.com

Abbas Kazerounian, Esq.
**Kazerouni Law Group, APC**
Patricia L. Penny, Esq.
Wright, Finlay & Zak, LLP
4665 MacArthur Court, Suite 200
Newport Beach, CA  92660
 Email: ak@kazlg.com

[Attorneys for Plaintiffs]

**II.   SERVED ELECTRONICALLY VIA NEF**

Kimberly D. Howatt, Esq.
Roger M. Mansukhani, Esq.
**GORDON & REES LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101
Email: khowatt@gordonrees.com
Email: rmansukhani@gordonrees.com

[Attorneys for Defendant SAFEGUARD PROPERTIES, LLC.]

**III.   SERVED ELECTRONICALLY VIA NEF**

Robin P. Wright, Esq.
Patricia L. Penny, Esq.
**WRIGHT, FINLAY & ZAK, LLP**
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Email: rwright@wrightlegal.net
Email: ppenny@wrightlegal.net

[Attorneys for Defendant M&T Bank]

REPLY BRIEF OF DEFENDANT THE WOLF FIRM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS'
THIRD AMENDED COMPLAINT
6272-4539

**IV.   SERVED VIA OVERNIGHT MAIL**

Honorable Judge William Q. Hayes
United States District Court Southern District
Courtroom 14B (14th Floor- Annex)
Suite 1480
333 West Broadway
San Diego, CA 92101