WRIGHT, FINLAY & ZAK, LLP
Robin P. Wright, Esq., SBN 150984
Patricia L. Penny, Esq., SBN 124969
4665 MacArthur Court, Suite 280
Newport Beach, CA  92660
Tel: (949) 477-5050; Fax: (949) 608-9142
rwright@wrightlegal.net; ppenny@wrightlegal.net

Attorneys for Defendant, MANUFACTURERS AND TRADERS TRUST COMPANY aka M&T BANK

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victoria A. Amelina, an individual; and A.A.; D. S and B.S., each individuals and minors by and through their Guardian Ad Litem, Victoria A. Amelina, <br><br> Plaintiff, <br><br> vs. <br><br> Manufacturers and Traders Trust Company aka M&T Bank, Safeguard Properties, LLC, and the Wolf Law Firm, A Law Corporation. <br><br> Defendants. | Case No.: 3:14-cv-01906-WQH-NLS <br><br> **REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** <br> **[FRCP Rule 12(b)(6)]** <br><br> Date:   March 28, 2016 <br> Time:   N/A <br> Ctrm:   14B <br><br><br> *NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT* |

## I.      **INTRODUCTION.**

It is telling that every single one of the three defendants in this case has moved to dismiss Plaintiffs' action; not once or twice, but now four times.  And on the three prior occasions that this court has ruled, it granted those motions, providing Plaintiffs with more than enough time to amend their pleading to state any viable claim against any defendant.  But Plaintiffs have been unable to do so.  Instead, they have attempted to twist some conclusory allegations and weave some type of claim out of whole cloth.  In sum, and as shown by all of these currently pending motions, under the facts plead and the admissions made, all of their efforts have failed.  As a consequence, all defendants, including this moving defendant, submit that this time, the court should grant without leave to amend.

## II.     **THERE IS NO PLAUSIBLE INFERENCE FROM THE TAC OR THE OPPOSITION THAT M&T IS ANYTHING BUT A BANK AND OPERATES AS ALL BANKS IN THIS COUNRTY OPERATE.**

The TAC provides the underlying facts that prove and admit (and the Opposition repeats those allegations):

1.  M&T is a bank; (TAC 21);
2.  Among other things, M&T makes loans and accepts and processes payments on the loans it makes, whether the loan is current or in default (TAC,  21, 23, 32);
3.  Among other things, M&T also buys loans from other banks (TAC, 21, 23, 24);
4.  Among other things, M&T accepts and processes payments on the loans it buys, whether those loans are current or in default (TAC 21, 23, 24, 32)
5.  Among other things, M&T also accepts and processes loan payments on loans owned by others, whether those loans are current or in default (as a servicer of loans) (TAC, 23, 31);
6.  M&T serviced Plaintiffs' loan, under which Lakeview was the owner (creditor) of the loan (TAC, 29); and

REPLY TO MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

1
2
7. M&T has a department[1] that, among other things, accepts and processes payments on current loans and defaulted loans. (TAC 23, 27, 31.)

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
Thus, the TAC admits that:  M&T is a bank.  As a bank, M&T makes loans.  As a bank, M&T also holds and sells loans it makes.  And M&T buys loans that others make.  M&T also buys and holds or buys and sells loans it has bought and sold from and to others.  As a bank, M&T services the loans it owns, whether current or in default.  And, as a bank, M&T also services loans for others, whether those loans are current or in default.   Also like all other banks, M&T has a department that accepts and processes regular monthly payments or defaulted payments on its own loans and other's loans, whether those loans are current or in default.  It is a basic and well-known fact what banks do with the kinds of business they conduct in our country.  And it is quite simple; M&T operates like all other banks operate.  As admitted by the TAC and reaffirmed by the Opposition, despite all of Plaintiffs' protestations, the TAC alleges no underlying fact that provides a plausible inference that M&T's business is otherwise; that its principal business purpose is debt collection.  Indeed, as a bank, M&T's principal business purpose is banking.  In fact, it is alleged that M&T does all of the above things, among other things.  That "among other things" includes operations (checking accounts, savings accounts, etc.,) and loan-making (cars, homes, businesses, commercial, consumer, etc.)  Banking can include buying and selling loans on the secondary market.  And banking can include servicing loans.

22
23
24
**III.   THERE IS NO PLAUSIBLE INFERENCE FROM THE FACTS ALLEGED BY THE TAC OR ARGUED IN THE OPPOSITION THAT M&T QUALIFIES AS A DEBT COLLECTOR FOR PURPOSES OF THIS LAWSUIT.**

25
26
None of the alleged facts provide a plausible inference that M&T's principal business purpose is the collection of debt or that M&T regularly collects

27
28
---

[1] The TAC and the Opposition erroneously calls this a "collections" department.  M&T does not call this department a "collections" department.

REPLY TO MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

debts of another.  Indeed, the only plausible inference from the fact that M&T is a bank that it engages in all of the ordinary types of activities that any other bank would engage in, including, among other things, servicing defaulted loans.

The Opposition does not address and thus apparently concedes that the "principal business purpose" threshold has not been met, as the Opposition only addresses the argument that M&T "qualifies as a debt collector by regularly collecting on defaulted debts which were originally owed and due to another." (Opposition, page 13, lines 8-11.)  To support this argument, the Opposition recites "M&T is in the business of regularly collecting on, among other things, defaulted residential loans, for profit" (TAC, paragraph 23), that M&T maintains an active collections department that routinely collects on defaulted mortgage accounts" (TAC, paragraph  27),  and that "M&T…regularly, on behalf of themselves" collects on debt.  (TAC, paragraph, 32.) (Opposition, pages 13-14.) There is not one thing about these allegations that would allow any plausible inference as to who owns the loans that M&T is servicing.  Indeed given the admission that M&T regularly services loans on its own behalf, it most plausible that any defaulted loans M&T services includes its own.  Indeed, the TAC's allegations actually contradict any inference that this debt belongs to others alone – rather that the debt upon which M&T collects is its own as well as others. (TAC, paragraphs 21 and 32.)

The Opposition proceeds by attacking M&T's plausible inference drawn from the use of the term "collections department."  (Opposition, page 15, lines 4-15.)  The Opposition argues that the debt collected must be a defaulted debt, because the definition of "collection" means "default."  First, the term "collections department" is the name Plaintiffs have chosen, not M&T.  Notwithstanding, even if this were so, the Opposition is unpersuasive and fails to respond fully to the remainder of the plausible inference; to wit: that the debt being collected could be M&T's own debt.  This latter inference is the most reasonable given the

REPLY TO MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

admissions that M&T collects on its own debt as well as others.  (TAC, paragraphs 21 and 32.)

The Opposition also argues that "nowhere does M&T offer any statement to refute that it is a regular practice…."  (Opposition, page 15, lines 18-19.)  The argument is also unpersuasive.  It is not properly within the parameters of a motion to dismiss for M&T, the moving party, to offer extrinsic evidence of statements to refute any of the allegations.  Instead, M&T has pointed to allegations within the pleading that provide support for the fact that the TAC continues to fail to meet its burden of a plausible inference that M&T is a "debt collector" as defined by the FDCPA.

Plaintiffs' attempt to bolster their weak position by distracting the court with "numbers" of loans is equally unpersuasive.  The TAC, and repeated in the Opposition, states in conclusory fashion only that M&T has "collected thousands and perhaps hundreds of thousands" of loans (TAC, paragraph 25) and that the "volume…is enormous" (TAC, paragraph 26), with M&T purportedly taking 24,000 defaulted loans in late July 2013 from BANA.  (Opposition, page 13, TAC, paragraph 16.)  First, the number submitted by Plaintiffs does not translate to any conclusion that M&T obtains this number of loans or any other number of loans on a regular monthly basis, or on any other basis.  Second, given the multiple millions of home loans regularly made in this country each year, the proffered number is minute by comparison and does not support the conclusion of "enormity."

**IV.   M&T'S ACTIONS DO NOT EXCEED THOSE OF PERMITTED FORECLOSURE ACTIVITY.**

Citing to Natividad v. Wells Fargo Bank, N.A., 2013 WL 2299601 (N.D. Cal. May 24, 2013), the Opposition argues that actions going beyond statutorily mandated foreclosure communications may be considered debt collection. Notably, the language quoted is permissive, not mandatory.  The Natividad court referenced actions that might exceed those mandated communications as:  lying

REPLY TO MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

about amounts due on the loan**,** improperly threatening to add attorneys' fees in to the debt if it was not paid as being beyond the scope, or continually making threatening telephone calls to the borrowers in an effort to collect the debt.  Such is not the case at bar.  In Natividad, the court held that the foreclosure conduct was proper and therefore prohibited from liability under FDCPA.

Importantly, here the specifically alleged letters from M&T are two service transfer letters (TAC, paragraphs 78-82) and one post card sent by Safeguard. The other letters are unspecific and conclusory, and as noted in the Motion, there is no way to tell from the Exhibits what those letters say.  The court has already ruled that this post card is not debt collection[2].  Plaintiffs' argument is unpersuasively muddled as it states that "M&T Bank is alleged to have instructed and guided both Safeguard and M&T in their actions."  (Opposition, page 17, lines 14-15.)  However, as shown equally by Safeguard's Motion to Dismiss as well as its reply, Safeguard is not a debt collector, and did nothing improper towards Plaintiffs.

Further, as also shown by co-defendant The Wolf Law Firm's ("Wolf") Motion to Dismiss and Reply, the Opposition's argument as to <u>Memmott v. Newest Bank, FSB</u>, 2013 U.S. Dist. LEXIS 185388 (D. Or. Dec. 20, 2013) is misplaced.  In <u>Memmott</u>, the letter in question was one sent in connection with insufficient payments on a trial payment plan on a loan, and not related to foreclosure activity.  And contrary to the Opposition assertion that the Ninth Circuit has not ruled on this point, it in fact has repeatedly ruled that letters delivered in connection with foreclosure activities are exempt from liability under the FDCPA.  <u>See</u>, <u>Beckner v. ReconTrust Co.</u>, 12-cv-3379 GHK (FFMx), at 4

---

[2] While there are allegations of additional "letters" (Opposition, paragraph 91), the allegations are conclusory at best, with not one scintilla of underlying facts to support the conclusion that the letters were "collection" letters or in fact sent by M&T.

REPLY TO MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

1   (C.D. Cal. Oct. 15, 2012); <u>Cochran v. Bank of New York Mellon Trust Company,</u>
2   <u>NA.,</u> 15-3209-GHK (JCx) (C.D. Cal. July 29, 2015), <u>Hernandez v. Green Tree</u>
3   <u>Servicing, LLC,</u> 2:14-cv-01438-CAS (AGRx) (C.D. Cal. June 9, 2014).

4   **V.      THE OPPOSITION'S RESORT TO CLAIMS OF STANDING IS**
        **ERRONEOUS AND UNSUPPORTED.**
5
6           The argument offered by the Opposition in regard to these claims for relief
7   is not supported by the facts alleged.  First, in order to even get to this argument,
8   Plaintiffs must plead facts that support a plausible inference that M&T qualifies as
9   a "debt collector" under the FDCPA.  As shown above, they have not done so.
10  With little to support the argument, they assert that M&T committed "abuse". But
11  under their FDCPA claims of, M&T did not attempt to "forcibly enter" any
12  property.  That is an allegation against Safeguard, not M&T; it is Safeguard who
13  allegedly "sent and agent" to the property.  (TAC, paragraphs 47, and 115-135.)

14          Further, Plaintiffs argue that M&T is attempting to collect the property
15  from the minor children.  (Opposition, page 18, lines 26-28.)  Again, M&T did not
16  send any "agents" to the property.  Safeguard allegedly did that.  Moreover,
17  collecting "the property" would violate the one form of action rule in this State,
18  and the underlying conduct which precipitated this litigation was the
19  commencement of a non-judicial foreclosure on the real property; foreclosing on
20  the unpaid debt owed by Victoria.  There is no "collection of the property" and the
    argument of the Opposition misleads this court.
21
22  **VI.     THERE IS NO RECOGNIZABLE CLAIM FOR NIED, THERE NO**
        **ADEQUATE CLAIM FOR NEGLIGENCE, IIED OR INVASION OF**
23      **PRIVACY.**
24          As shown by the Motion, California does not recognize an independent
25  claim for NIED.  Any claim is founded upon the tort of negligence.  Again, the
26  Opposition miscites to cases to argue that California does recognize such a claim.
27  <u>See,</u> <u>Burgess v. Superior Ct.,</u> 2 Cal.4th 1064, 1071 (1992); <u>Marlene F. v.</u>
    <u>Affiliated Psych. Med. Clinic, Inc.,</u> 48 Cal.3d 583, 588 (1989).
28

REPLY TO MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

With regard to the allegation under a negligence theory that M&T exceeded the scope of lender-relationships, the Opposition argues that M&T exceeded the scope when it "sent an agent" to the property.  But again, it is alleged that Safeguard sent the alleged third party to the property, not M&T.  (TAC 47, 115-135.)  As discussed in every section above, M&T did not exceed the scope of an ordinary lender foreclosing on a defaulted loan.

Were this muddling of allegations not enough, M&T notes that the TAC alleges that M&T is a business entity.  Thus any "person" who purportedly went on to Plaintiffs' property would have to be an employee of M&T (not alleged, and especially since M&T is located in New York), or some other person hired by M&T (not alleged; instead alleged that Safeguard did the hiring.)  <u>See,</u> Opposition to co-defendant Safeguard's motion to dismiss, page 14, lines 3-5.)  The same goes for the IIED argument posited in Opposition.  M&T's conduct did not meet the standards of "exceeding all boundaries."   M&T did not send anyone to the property, and it is not alleged to have done so.  M&T did not hire the person who went to the property, Safeguard is alleged to have done so.  (TAC, paragraphs 115, 135.)

And with regard to the Opposition's argument on the invasion of privacy claim and Plaintiffs' contention about "peering in windows", even assuming the allegation is true, there is no allegation that M&T instructed anyone, Safeguard, or anyone that Safeguard hired, to "peer into windows."  Even assuming the veracity of the allegations, the most that is alleged is that M&T "instructed" Safeguard to hire someone to visit the property.  (TAC, paragraphs 115, 135.)

## VII.   <u>CONCLUSION.</u>

Plaintiffs dedicate the first twelve pages (a full half) of their twenty-four page Opposition to repeating the facts alleged by the TAC.  They also spend over one more page addressing an argument M&T did not even make.  (Opposition, pages 15-16.)  And they spend nearly another three pages repeating the insufficient allegations of the TAC in their arguments.  (Opposition, pages 13-15,

line 9.)  Merely repeating the same deficient allegations does not magically convert the TAC into a viable complaint.  In sum, it appears as if Plaintiffs have themselves convinced that if they file enough long-winded pleadings, muddle the allegations against each of the moving defendants, argue in one direction against one of the defendants and then turn around and argue the opposite against another, that no one will notice, and the court may somehow get confused and befuddled by their arguments and sleight of hand.  It is clear, however, that this court can separate fact from fiction and realize that there is simply no underlying factual support for any of the claims for relief.  Thus, M&T respectfully submits this should be Plaintiffs' last attempt, and grant M&T's Motion in full and without leave to amend.

                                        Respectfully submitted,

                                        WRIGHT, FINLAY & ZAK, LLP


Dated: March 21, 2016        By:     /s/ Patricia L. Penny, Esq.
                                        Robin P. Wright, Esq.
                                        Patricia L. Penny, Esq.
                                        Attorneys for Defendant,
                                        MANUFACTURERS AND TRADERS
                                        TRUST COMPANY aka M&T BANK

REPLY TO MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

I, Patricia L. Penny, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On March 21, 2016, I served the within **REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP Rule 12(b)(6)]**

on all interested parties in this action as follows:

[ ] by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelope(s)  addressed as follows:

## [SEE ATTACHED SERVICE LIST]

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 21, 2016, at Newport Beach, California.

_____
Patricia L. Penny

REPLY TO MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

**SERVICE LIST**

<u>Amelina v. Manufacturers and Traders</u>
U.S.D.C.-S.D. Case No. 3:14-cv-01906-WQH-NLS

| | |
|---|---|
| Jessica R. K. Dorman, Esq.<br>Robert L. Hyde, Esq.<br>HYDE & SWIGART<br>2221 Camino Del Rio South, Suite 101<br>San Diego, CA 92108<br>Tele:  (619) 233-7770<br>Fax:  (619) 297-1022<br>Email:  jessica@westcoastlitigation.com<br>Email:  bob@westcoastlitigation.com | Attorney for Plaintiffs,<br>**Victoria A. Amelina, etc., et al.** |
| Abbas Kazerounian, Esq.<br>Kazerouni Law Group, APC<br>245 Fischer Avenue, Suite D1<br>Costa Mesa, CA  92626<br>Tele:  (800) 400-6808<br>Fax:  (800) 520-5523<br>Email:  ak@kazlg.com | Attorneys for Plaintiffs,<br>**Victoria A. Amelina, etc., et al.** |
| Roger M. Mansukhani, Esq.<br>Kimberly D. Howatt, Esq.<br>Joni M. Borzcik, Esq.<br>GORDON & REES LLP<br>101 W. Broadway, Suite 2000<br>San Diego, CA 92101<br>Tele:  (619) 696-6700<br>Fax:  (619) 696-7124<br>Email:  rmansukhani@gordonrees.com<br>Email:  khowatt@gordonrees.com<br>Email:  jborzcik@gordonrees.com | Attorneys for Defendant,<br>**Safeguard Properties, LLC** |
| Abe Gordon Salen, Esq.<br>THE WOLF FIRM, A Law Corporation<br>2955 Main Street, Second Floor<br>Irvine, CA  92614<br>Tele:  (949) 720-9200<br>Fax:  (949) 608-0129<br>Email:  abe.salen@wolffirm.com | Attorneys for Defendant,<br>**The Wolf Firm, A Law Corporation** |

REPLY TO MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT