WRIGHT, FINLAY & ZAK, LLP
Robin P. Wright, Esq., SBN 150984
Patricia L. Penny, Esq., SBN 124969
4665 MacArthur Court, Suite 280
Newport Beach, CA  92660
Tel: (949) 477-5050; Fax: (949) 608-9142
rwright@wrightlegal.net; ppenny@wrightlegal.net

Attorneys for Defendant, MANUFACTURERS AND TRADERS TRUST
COMPANY aka M&T BANK

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victoria A. Amelina, an individual; and A.A.; D. S and B.S., each individuals and minors by and through their Guardian Ad Litem, Victoria A. Amelina,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Manufacturers and Traders Trust Company aka M&T Bank, Safeguard Properties, LLC, and the Wolf Law Firm, A Law Corporation.<br><br>                    Defendants. | Case No.: 3:14-cv-01906-WQH-NLS<br><br>**ANSWER OF M&T BANK TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |

-1-
ANSWER OF M&T BANK TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No.: 3:14-cv-01906-WQH-NLS

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

COMES NOW, the Defendant Manufacturers and Trader Trust Company aka M&T Bank ("M&T") and hereby responds to the Third Amended Complaint ("TAC") of Plaintiffs Victoria A. Amelina, an individual ("Amelina"); and A.A.; D. S and B.S., each individuals and minors by and through their Guardian Ad Litem, Victoria A. Amelina (collectively "the Minors") (alternatively all collectively "Plaintiffs") as follows:

Any allegation not specifically admitted by M&T is hereby denied.  M&T maintains its assertion that Plaintiffs are unable to state a claim upon which relief can be granted against M&T.

**INTRODUCTION**

1.    M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 1 of the TAC and therefore denies generally and specifically the allegations therein.

2.    M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 2 of the TAC and therefore denies generally and specifically the allegations therein.

3.    M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 3 of the TAC and therefore denies generally and specifically the allegations therein, and specifically denies that M&T has any liability whatsoever or that Plaintiffs have suffered any damages in any sum or amount whatsoever.

4.    Responding to Paragraph 4 of the TAC, M&T admits that the real property in question in this lawsuit is located in California.  Otherwise, denied that M&T has any liability whatsoever or that Plaintiffs have suffered any damages in any sum or amount whatsoever.

5.    M&T denies generally and specifically all of the allegations of Paragraph 5 of the TAC.

6.    M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 6 of the TAC and therefore denies generally and specifically the allegations therein.

## JURISDICTION AND VENUE

7.    M&T admits that the United States Code speaks for itself.

8.    M&T denies generally and specifically all of the allegations of Paragraph 8 of the TAC.

9.    M&T admits the allegations of Paragraph 9 of the TAC.

10.    M&T admits the allegations of Paragraph 10 of the TAC.

11.    M&T admits the allegations of Paragraph 11 of the TAC.

## PARTIES

12.    M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 12 of the TAC and therefore denies generally and specifically the allegations therein.

13.    M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 13 of the TAC and therefore denies generally and specifically the allegations therein.

14.    M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 14 of the TAC and therefore denies generally and specifically the allegations therein.

15.    M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 15 of the TAC and therefore denies generally and specifically the allegations therein.

16.    M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 16 of the TAC and therefore denies generally and specifically the allegations therein.

ANSWER OF M&T BANK TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No.: 3:14-cv-01906-WQH-NLS

17.     Responding to Paragraph 17 of the TAC, M&T admits that Amelina is obligated to repay a real property loan and that while it serviced the loan, M&T was entitled to obtain the loan's repayment.  Otherwise, M&T denies generally and specifically the remaining allegations of Paragraph 17 of the TAC.

18.     Responding to Paragraph 18 of the TAC, M&T admits that Amelina is obligated to repay a real property loan, and that while it serviced Amelina's loan, it was entitled to obtain repayment on that real property loan owed by Amelina.  Otherwise, M&T denies generally and specifically the remaining allegations of Paragraph 18 of the TAC.

19.     Responding to Paragraph 19 of the TAC, M&T admits that Amelina is obligated to repay a real property loan and that while it serviced that loan, M&T was entitled to obtain the loan's repayment.  Otherwise, M&T denies generally and specifically the remaining allegations of Paragraph 19 of the TAC.

20.     Responding to Paragraph 20, M&T admits that Amelina borrowed money from a previous lender and executed a Note and Deed of Trust to secure the repayment of that loan, and that on or about May 4, 2010, the Deed of Trust recorded against real property commonly known as 1355 Nicollette Avenue, #1313, Chula Vista, California 91913.  M&T further admits that thereafter, Amelina defaulted on the loan and the loan remains in default and that while it serviced Amelina's loan, M&T was entitled to obtain repayment on the loan.

21.     M&T admits that it serviced Amelina's loan and that Lakeview Loan Servicing is the beneficiary of Amelina's loan and that while it serviced Amelina's loan, M&T was entitled to obtain repayment on the loan.  Otherwise, M&T denies generally and specifically the remaining allegations of Paragraph 21 of the TAC.

22.     Responding to Paragraph 22, M&T admits that from time to time it acquires servicing rights to defaulted residential loans and that while it serviced Amelina's real property loan, M&T was entitled to obtain repayment of that loan.

1  Otherwise, M&T denies generally and specifically the remaining allegations of
2  Paragraph 22 of the TAC.

3     23.     Responding to Paragraph 23, M&T admits that from time to time it
4  acquires servicing rights to defaulted residential loans and that it is entitled to
5  obtain repayment of those loans.  Otherwise, M&T denies generally and
6  specifically the remaining allegations of Paragraph 23 of the TAC.

7     24.     Responding to Paragraph 24, M&T admits that it has acquired
8  servicing rights to loans from Bank of America, National Trust and Savings
9  Association and that it is entitled to obtain repayment on those loans that it
10  services.  Otherwise, M&T denies generally and specifically the remaining
11  allegations of Paragraph 24 of the TAC.

12     25.     M&T lacks sufficient information or belief to answer the allegations
13  contained in Paragraph 25 of the TAC, including for the reason that it cannot
14  interpret the term "recent past" and therefore denies generally and specifically the
15  allegations therein.

16     26.     M&T lacks sufficient information or belief to answer the allegations
17  contained in Paragraph 26 of the TAC, and therefore denies generally and
18  specifically the allegations therein.

19     27.     Responding to Paragraph 27, M&T denies generally and specifically
20  that it maintains a department called a "collections department that routinely
21  collects on defaulted mortgage accounts."

22     28.     Responding to Paragraph 28 of the TAC, M&T admits that it is
23  entitled to obtain repayment of the real property loans it services and that at the
24  time it serviced Amelina's loan, it was entitled to obtain repayment on that loan as
25  required by the laws of the State of California.  Otherwise, M&T denies generally
26  and specifically the remaining allegations of Paragraph 28 of the TAC.

27     29.     Responding to Paragraph 29, M&T admits that at one time it
28  serviced, but no longer services, Amelina's loan.  Otherwise, M&T lacks

ANSWER OF M&T BANK TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No.: 3:14-cv-01906-WQH-NLS

sufficient information or belief to answer the allegations contained in Paragraph 29 of the TAC, and therefore denies generally and specifically the remaining allegations therein.

30.    Responding to Paragraph 30, M&T admits that as the servicer of Amelina's real property loan, it was entitled to obtain repayment of that loan, as required by the laws of the State of California.  As phrased, M&T lacks sufficient information or belief to answer the remaining allegations of Paragraph 30, and on that basis generally and specifically denies those allegations therein.

31.    M&T denies generally and specifically all of the allegations of Paragraph 31 of the TAC.

32.    M&T denies generally and specifically all of the allegations of Paragraph 32 of the TAC.

33.    As phrased, M&T lacks sufficient information or belief to answer the allegations of Paragraph 33, and on that basis generally and specifically denies the allegations therein.

34.    M&T admits it is not an attorney or counselor at law.

35.    M&T admits that it has offices located in Buffalo, New York.

36.    M&T admits that the Wolf Law Firm acts as and acted as trustee on Amelina's loan.  Otherwise, M&T denies generally and specifically the remaining allegations of Paragraph 36 of the TAC.

37. through 46.    M&T does not respond to the allegations made against The Wolf Law Firm, as contained in Paragraphs 37 through 46 of the TAC as those allegations are not directed at M&T and co-defendant the Wolf Law Firm has been dismissed by the court with prejudice from this lawsuit.

47. through 63.    M&T does not respond to the allegations made against co-defendant Safeguard Properties, LLC in Paragraphs 47 through 63 of the TAC as those allegations are not directed at M&T and co-defendant the Wolf Law Firm has been dismissed by the court with prejudice from this lawsuit.

-6-

64.     M&T denies generally and specifically all of the allegations of Paragraph 64 of the TAC.

65.     M&T denies generally and specifically all of the allegations of Paragraph 65 of the TAC.

## FACTUAL ALLEGATIONS

66.     M&T admits the allegations of Paragraph 66 of the TAC.

67.     M&T admits the allegations of Paragraph 67 of the TAC.

68.     M&T admits only that the statute speaks for itself.  Otherwise, M&T lacks sufficient information or belief to answer the allegations of Paragraph 68, and on that basis generally and specifically denies the allegations therein.

69.     M&T admits only that the statute speaks for itself.  Otherwise, M&T lacks sufficient information or belief to answer the allegations of Paragraph 69, and on that basis generally and specifically denies the allegations therein.

70.     M&T admits that the Note speaks for itself.

71.     M&T admits that Amelina defaulted on her loan and the loan remains in default.

72.     M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 72 of the TAC and therefore denies generally and specifically the allegations therein.

73.     M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 73 of the TAC and therefore denies generally and specifically the allegations therein.

74.     M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 74 of the TAC and therefore denies generally and specifically the allegations therein.

75.     M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 75 of the TAC and therefore denies generally and specifically the allegations therein.

ANSWER OF M&T BANK TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No.: 3:14-cv-01906-WQH-NLS

76. M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 76 of the TAC and therefore denies generally and specifically the allegations therein.

77. M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 72 of the TAC and therefore denies generally and specifically the allegations therein.

78. M&T admits that the letter speaks for itself.

79. M&T admits that the letter speaks for itself.

80. M&T admits that after servicing transferred to M&T, M&T began servicing Amelina's loan and was entitled to obtain repayment of the loan. Otherwise, M&T denies generally and specifically all of the remaining allegations of Paragraph 80 of the TAC.

81. M&T admits that the letter speaks for itself.

82. M&T admits that the letter speaks for itself.

83. M&T denies generally and specifically all of the allegations of Paragraph 83 of the TAC.

84. M&T denies generally and specifically all of the allegations of Paragraph 84 of the TAC.

85. M&T denies generally and specifically all of the allegations of Paragraph 85 of the TAC.

86. M&T admits that the letter speaks for itself.

87. M&T admits that the letter speaks for itself and denies generally and specifically the remaining allegations of Paragraph 87 of the TAC.

88. M&T admits that the writing speaks for itself.

89. M&T admits that it provided debt verification to Amelina as required by law.

90. M&T denies generally and specifically all of the allegations of Paragraph 90 of the TAC.

ANSWER OF M&T BANK TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No.: 3:14-cv-01906-WQH-NLS

91.     M&T denies generally and specifically all of the allegations of Paragraph 91 of the TAC.

92.     M&T denies generally and specifically all of the allegations of Paragraph 92 of the TAC.

93.     M&T denies generally and specifically all of the allegations of Paragraph 93 of the TAC.

94.     M&T denies generally and specifically all of the allegations of Paragraph 94 of the TAC.

95.     M&T denies generally and specifically all of the allegations of Paragraph 95 of the TAC.

96.     M&T denies generally and specifically all of the allegations of Paragraph 96 of the TAC.

97.     M&T denies generally and specifically all of the allegations of Paragraph 97 of the TAC.

98.     M&T denies generally and specifically all of the allegations of Paragraph 98 of the TAC.

99.     Responding to paragraph 99, M&T denies that it instructed Safeguard Properties, LLC to act with regard to Amelina's loan, and therefore denies generally and specifically all of the allegations of Paragraph 99 of the TAC as it relates to M&T.

100.    M&T denies generally and specifically all of the allegations of Paragraph 100 of the TAC.

101.    M&T denies generally and specifically all of the allegations of Paragraph 101 of the TAC.

102.    M&T admits that the postcard speaks for itself.

103.    M&T denies generally and specifically all of the allegations of Paragraph 103 of the TAC.

ANSWER OF M&T BANK TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No.: 3:14-cv-01906-WQH-NLS

104.   M&T denies generally and specifically all of the allegations of Paragraph 104 of the TAC.

105.   M&T denies generally and specifically all of the allegations of Paragraph 105 of the TAC.

106.   M&T denies generally and specifically all of the allegations of Paragraph 106 of the TAC.

107.   M&T denies generally and specifically all of the allegations of Paragraph 107 of the TAC.

108.   M&T denies generally and specifically all of the allegations of Paragraph 108 of the TAC.

109.   M&T denies generally and specifically all of the allegations of Paragraph 109 of the TAC.

110.   M&T denies generally and specifically all of the allegations of Paragraph 110 of the TAC.

111.   M&T denies generally and specifically all of the allegations of Paragraph 111 of the TAC.

112.   M&T denies generally and specifically all of the allegations of Paragraph 112 of the TAC.

113.   M&T denies generally and specifically all of the allegations of Paragraph 113 of the TAC.

114.   M&T denies generally and specifically all of the allegations of Paragraph 114 of the TAC.

115.   M&T denies generally and specifically all of the allegations of Paragraph 115 of the TAC.

116.   M&T denies generally and specifically all of the allegations of Paragraph 116 of the TAC.

117.   M&T denies generally and specifically all of the allegations of Paragraph 117 of the TAC.

118.   M&T denies generally and specifically all of the allegations of Paragraph 118 of the TAC.

119.   M&T denies generally and specifically all of the allegations of Paragraph 119 of the TAC.

120.   M&T denies generally and specifically all of the allegations of Paragraph 120 of the TAC.

121.   M&T denies generally and specifically all of the allegations of Paragraph 121 of the TAC. M&T denies generally and specifically all of the allegations of Paragraph 121 of the TAC.

122.   M&T denies generally and specifically all of the allegations of Paragraph 122 of the TAC.

123.   M&T denies generally and specifically all of the allegations of Paragraph 123 of the TAC.

124.   M&T denies generally and specifically all of the allegations of Paragraph 124 of the TAC.

125.   M&T denies generally and specifically all of the allegations of Paragraph 125 of the TAC.

126.   M&T denies generally and specifically all of the allegations of Paragraph 126 of the TAC.

127.   M&T denies generally and specifically all of the allegations of Paragraph 127 of the TAC.

128.   M&T denies generally and specifically all of the allegations of Paragraph 128 of the TAC.

129.   M&T denies generally and specifically all of the allegations of Paragraph 129 of the TAC.

130.   M&T denies generally and specifically all of the allegations of Paragraph 130 of the TAC.

ANSWER OF M&T BANK TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No.: 3:14-cv-01906-WQH-NLS

131.   M&T denies generally and specifically all of the allegations of Paragraph 131 of the TAC.

132.   M&T denies generally and specifically all of the allegations of Paragraph 132 of the TAC.

133.   M&T denies generally and specifically all of the allegations of Paragraph 133 of the TAC.

134.   M&T denies generally and specifically all of the allegations of Paragraph 134 of the TAC.

135.   M&T denies generally and specifically all of the allegations of Paragraph 135 of the TAC.

136.   M&T denies generally and specifically all of the allegations of Paragraph 136 of the TAC.

137.   M&T denies generally and specifically all of the allegations of Paragraph 137 of the TAC.

138.   M&T admits that the letter speaks for itself.

139.    M&T denies generally and specifically all of the allegations of Paragraph 139 of the TAC.

140.   M&T denies generally and specifically all of the allegations of Paragraph 140 of the TAC.

141.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 141 of the TAC and therefore denies generally and specifically the allegations therein.

142.   M&T denies generally and specifically all of the allegations of Paragraph 142 of the TAC.

143.   M&T denies generally and specifically all of the allegations of Paragraph 143 of the TAC.

144.   M&T denies generally and specifically all of the allegations of Paragraph 144 of the TAC.

ANSWER OF M&T BANK TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No.: 3:14-cv-01906-WQH-NLS

145.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 145 of the TAC and therefore denies generally and specifically the allegations therein.

146.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 146 of the TAC and therefore denies generally and specifically the allegations therein.

147.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 147 of the TAC and therefore denies generally and specifically the allegations therein.

148.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 148 of the TAC and therefore denies generally and specifically the allegations therein.

149.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 149 of the TAC and therefore denies generally and specifically the allegations therein.

150.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 150 of the TAC and therefore denies generally and specifically the allegations therein.

151.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 151 of the TAC and therefore denies generally and specifically the allegations therein.

152.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 152 of the TAC and therefore denies generally and specifically the allegations therein.

153.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 153 of the TAC and therefore denies generally and specifically the allegations therein.

154. M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 154 of the TAC and therefore denies generally and specifically the allegations therein.

155. M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 155 of the TAC and therefore denies generally and specifically the allegations therein.

156. M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 156 of the TAC and therefore denies generally and specifically the allegations therein.

157. M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 157 of the TAC and therefore denies generally and specifically the allegations therein.

158. M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 158 of the TAC and therefore denies generally and specifically the allegations therein.

159. M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 159 of the TAC and therefore denies generally and specifically the allegations therein.

160. M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 160 of the TAC and therefore denies generally and specifically the allegations therein.

161. M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 161 of the TAC and therefore denies generally and specifically the allegations therein.

162. M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 162 of the TAC and therefore denies generally and specifically the allegations therein.

ANSWER OF M&T BANK TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No.: 3:14-cv-01906-WQH-NLS

163.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 163 of the TAC and therefore denies generally and specifically the allegations therein.

164.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 164 of the TAC and therefore denies generally and specifically the allegations therein.

165.   M&T denies generally and specifically all of the allegations of Paragraph 165 of the TAC.

166.   M&T denies generally and specifically all of the allegations of Paragraph 166 of the TAC.

167.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 167 of the TAC and therefore denies generally and specifically the allegations therein.

168.   M&T denies generally and specifically all of the allegations of Paragraph 168 of the TAC.

169.   M&T denies generally and specifically all of the allegations of Paragraph 169 of the TAC.

170.   M&T denies generally and specifically all of the allegations of Paragraph 170 of the TAC.

171.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 171 of the TAC and therefore denies generally and specifically the allegations therein.

172.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 172 of the TAC and therefore denies generally and specifically the allegations therein.

173.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 173 of the TAC and therefore denies generally and specifically the allegations therein.

ANSWER OF M&T BANK TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No.: 3:14-cv-01906-WQH-NLS

174.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 174 of the TAC and therefore denies generally and specifically the allegations therein.

175.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 175 of the TAC and therefore denies generally and specifically the allegations therein.

176.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 176 of the TAC and therefore denies generally and specifically the allegations therein.

177.   M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 177 of the TAC and therefore denies generally and specifically the allegations therein.

178.    M&T lacks sufficient information or belief to answer the allegations contained in Paragraph 178 of the TAC and therefore denies generally and specifically the allegations therein.

179.   M&T denies generally and specifically all of the allegations of Paragraph 179 of the TAC.

180.   M&T denies generally and specifically all of the allegations of Paragraph 180 of the TAC.

## **FIRST CLAIM FOR RELIEF**

Fair Debt Collection Practices Act ("FDCPA")

181.   As to the allegations of Paragraph 181 of the TAC, M&T repeats, re-avers and incorporates herein by reference each and every averment set forth in the preceding paragraphs 1 through 180 of this Answer as though fully set forth in full.

182.   M&T denies generally and specifically all of the allegations of Paragraph 182 of the TAC.

ANSWER OF M&T BANK TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No.: 3:14-cv-01906-WQH-NLS

183.   M&T denies generally and specifically all of the allegations of Paragraph 183 of the TAC, and further denies that Plaintiffs are entitled to recover damages in any amount or sum whatsoever.

## SECOND CLAIM FOR RELIEF

Rosenthal Fair Debt Collection Practices Act ("RFDCPA")

184.   As to the allegations of Paragraph 184 of the TAC, M&T repeats, re-avers and incorporates herein by reference each and every averment set forth in the preceding paragraphs 1 through 183 of this Answer as though fully set forth in full.

185.   M&T denies generally and specifically all of the allegations of Paragraph 185 of the TAC.

186.   M&T denies generally and specifically all of the allegations of Paragraph 186 of the TAC, and further denies that Plaintiffs are entitled to recover damages in any amount or sum whatsoever.

## THIRD CLAIM FOR RELIEF

Negligent Infliction of Emotional Distress

(by Amelina only)

M&T responds to the allegations made in this claim for relief only as to Amelina and no others as the Minor Children's action against M&T on the third claim for relief have previously been dismissed by this court with prejudice.

187.   As to the allegations of Paragraph 187 of the TAC, M&T repeats, re-avers and incorporates herein by reference each and every averment set forth in the preceding paragraphs 1 through 186 of this Answer as though fully set forth in full.

188.   M&T denies generally and specifically all of the allegations of Paragraph 188 of the TAC.

189.   M&T denies generally and specifically all of the allegations of Paragraph 189 of the TAC.

ANSWER OF M&T BANK TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No.: 3:14-cv-01906-WQH-NLS

190.   M&T denies generally and specifically all of the allegations of Paragraph 190 of the TAC.

191.   M&T denies generally and specifically all of the allegations of Paragraph 191 of the TAC.

192.   M&T denies generally and specifically all of the allegations of Paragraph 192 of the TAC.

193.   M&T denies generally and specifically all of the allegations of Paragraph 193 of the TAC.

194.   M&T denies generally and specifically all of the allegations of Paragraph 194 of the TAC.

195.   M&T denies generally and specifically all of the allegations of Paragraph 195 of the TAC.

196.   M&T denies generally and specifically all of the allegations of Paragraph 196 of the TAC.

197.   M&T denies generally and specifically all of the allegations of Paragraph 197 of the TAC.

198.   M&T denies generally and specifically all of the allegations of Paragraph 198 of the TAC.

199.   M&T denies generally and specifically all of the allegations of Paragraph 199 of the TAC, and further denies that Plaintiffs are entitled to recover damages in any amount or sum whatsoever.

200.   M&T denies generally and specifically all of the allegations of Paragraph 200 of the TAC, and further denies that Plaintiffs are entitled to recover damages in any amount or sum whatsoever.

## **FOURTH CLAIM FOR RELIEF**

### Intentional Infliction of Emotional Distress

201.   As to the allegations of Paragraph 201 of the TAC, M&T repeats, re-avers and incorporates herein by reference each and every averment set forth in

-18-

the preceding paragraphs 1 through 200 of this Answer as though fully set forth in full.

202.   M&T denies generally and specifically all of the allegations of Paragraph 202 of the TAC.

203.   M&T denies generally and specifically all of the allegations of Paragraph 203 of the TAC.

204.   M&T denies generally and specifically all of the allegations of Paragraph 204 of the TAC.

205.    M&T denies generally and specifically all of the allegations of Paragraph 205 of the TAC.

206.   M&T denies generally and specifically all of the allegations of Paragraph 206 of the TAC.

207.   M&T denies generally and specifically all of the allegations of Paragraph 207 of the TAC.

208.   M&T denies generally and specifically all of the allegations of Paragraph 208 of the TAC.

209.   M&T denies generally and specifically all of the allegations of Paragraph 209 of the TAC.

210.   M&T denies generally and specifically all of the allegations of Paragraph 210 of the TAC.

211.   M&T denies generally and specifically all of the allegations of Paragraph 211 of the TAC.

212.   M&T denies generally and specifically all of the allegations of Paragraph 212 of the TAC.

213.   M&T denies generally and specifically all of the allegations of Paragraph 213 of the TAC, and further denies that Plaintiffs are entitled to recover damages in any amount or sum whatsoever.

214.   M&T denies generally and specifically all of the allegations of Paragraph 214 of the TAC, and further denies that Plaintiffs are entitled to recover damages in any amount or sum whatsoever.

215.   M&T denies generally and specifically all of the allegations of Paragraph 215 of the TAC, and further denies that Plaintiffs are entitled to recover damages in any amount or sum whatsoever.

## FIFTH CLAIM FOR RELIEF

Invasion of Privacy

216.   As to the allegations of Paragraph 216 of the TAC, M&T repeats, re-avers and incorporates herein by reference each and every averment set forth in the preceding paragraphs 1 through 215 of this Answer as though fully set forth in full.

217.   M&T denies generally and specifically all of the allegations of Paragraph 217 of the TAC.

218.   M&T denies generally and specifically all of the allegations of Paragraph 218 of the TAC.

219.   M&T denies generally and specifically all of the allegations of Paragraph 219 of the TAC.

220.   M&T denies generally and specifically all of the allegations of Paragraph 220 of the TAC.

221.   M&T denies generally and specifically all of the allegations of Paragraph 221 of the TAC.

222.   M&T denies generally and specifically all of the allegations of Paragraph 222 of the TAC.

223.   M&T denies generally and specifically all of the allegations of Paragraph 223 of the TAC.

224.   M&T denies generally and specifically all of the allegations of Paragraph 224 of the TAC, and further denies that Plaintiffs are entitled to recover

ANSWER OF M&T BANK TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No.: 3:14-cv-01906-WQH-NLS

damages in any amount or sum whatsoever.

225.   M&T denies generally and specifically all of the allegations of Paragraph 225 of the TAC, and further denies that Plaintiffs are entitled to recover damages in any amount or sum whatsoever.

226.   M&T denies generally and specifically all of the allegations of Paragraph 226 of the TAC, and further denies that Plaintiffs are entitled to recover damages in any amount or sum whatsoever.

## PRAYER FOR RELIEF

M&T denies that Plaintiffs are entitled to any relief requested in any of the Paragraphs of their Prayer for Relief.

## AS AND FOR ITS SEPARATE AFFIRMATIVE DEFENSES, M&T HEREBY AVERS AND AVERS AS FOLLOWS:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

M&T avers that Plaintiffs have failed to state facts sufficient to constitute any claim for relief against M&T.

## SECOND AFFIRMATIVE DEFENSE

### (No Proximate Cause)

M&T avers that the purported acts and/or omissions of M&T, as alleged in Plaintiffs' TAC, were not the actual or proximate cause of the loss or damage, if any, for which Plaintiffs seek recovery.

## THIRD AFFIRMATIVE DEFENSE

### (Direct and Proximate Result of Other Parties)

M&T avers that M&T is neither liable nor responsible for the alleged damages or injuries to Plaintiffs, if any, because any such damages or injuries were the direct and proximate result of the independent and intervening negligence and/or intentional conduct of Plaintiffs and/or other parties and their agents, servants and/or employees.

ANSWER OF M&T BANK TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No.: 3:14-cv-01906-WQH-NLS

1

## FOURTH AFFIRMATIVE DEFENSE

2

### (Failure to Mitigate Damages)

3      M&T avers that Plaintiffs' claims in the TAC are barred in whole, or in

4  part, because of Plaintiffs' failure to take reasonable steps to mitigate their

5  damages, if any.

6

## FIFTH AFFIRMATIVE DEFENSE

7

### (Unclean Hands)

8      M&T avers that Plaintiffs' claims in the TAC are barred by the equitable

9  doctrine of unclean hands due to Plaintiffs' own conduct.

10

## SIXTH AFFIRMATIVE DEFENSE

11

### (Waiver)

12      M&T avers that, by reason of their own acts and omissions, Plaintiffs have

13  waived their rights and are, therefore, estopped from asserting the claims in the

14  TAC against M&T.

15

## SEVENTH AFFIRMATIVE DEFENSE

16

### (Estoppel)

17      M&T avers that, by reason of their own acts and omissions, Plaintiffs are

18  estopped from asserting the claims in the TAC against M&T.

19

## EIGHTH AFFIRMATIVE DEFENSE

20

### (Consent)

21      M&T avers that Plaintiffs have waived and are, therefore, estopped from

22  asserting any claim or claims against M&T in the TAC, since Plaintiffs have

23  consented, or are deemed to have consented, to the conduct complained of in the

24  TAC.

25

## NINTH AFFIRMATIVE DEFENSE

26

### (Justification/Privilege)

27      M&T avers that Plaintiffs' claims in the TAC are barred since M&T's

28  conduct as alleged in the TAC, if any, was justified and/or privileged.

ANSWER OF M&T BANK TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No.: 3:14-cv-01906-WQH-NLS

## TENTH AFFIRMATIVE DEFENSE

### (Contractual Damages Only)

M&T avers that the rights and remedies of M&T and the other parties to this action are governed, where applicable, by the terms and conditions of the contracts and agreements between them relating to the subject matter of this action.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Off Set)

M&T avers that the court should off-set against any award which may be made to Plaintiffs, the amount owing by the Plaintiffs to M&T.

## TWELFTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Plaintiffs)

M&T avers that any damages sustained by Plaintiffs were caused by Plaintiffs' own acts, errors, negligence or omissions and, therefore, any award in favor of Plaintiffs should be reduced by that proportion of fault.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Comparative Indemnity and Contribution)

M&T avers that it is entitled to contribution from any party found jointly and severally liable, and is entitled to indemnity and contribution as proven at trial under equitable principles.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Conduct)

M&T avers that Plaintiffs are not entitled to any relief against M&T because M&T acted in good faith and in a commercially reasonable manner with respect to the subject matter of this action.

/ / /

/ / /

/ / /

ANSWER OF M&T BANK TO PLAINTIFF'S THIRD AMENDED COMPLAINT

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Acts Contractually Authorized)

M&T avers that Plaintiffs agreed to be governed by the terms and conditions of the Promissory Note and Deed of Trust and the actions of M&T were authorized pursuant to the terms and conditions thereof.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Liability for Conduct of Agents)

M&T avers that, if any party to the action is alleged to be the agent of M&T, such party's alleged acts and omissions were not authorized or ratified by M&T, and, therefore, M&T is not liable for such conduct vicariously.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

M&T avers that Plaintiffs, at all material times, calculated, knew and understood the risks inherent in the situations, actions, omissions and transactions upon which they now base their various claims for relief, and with such knowledge, Plaintiffs undertook and thereby assumed such risks and is consequently barred from all recovery by such assumption of risk.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Insufficient Particularity)

M&T avers that the TAC does not describe the claims against M&T with sufficient particularity and certainty to enable M&T to determine what defenses may exist.  M&T reserves the right to assert all defenses that may be pertinent to or arise from Plaintiffs' claims against it when the precise nature of those claims have been ascertained.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Compliance with Statutes)

M&T avers that at all times relevant to the TAC, M&T complied with all applicable state and federal statutes.

ANSWER OF M&T BANK TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No.: 3:14-cv-01906-WQH-NLS

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Damages)

M&T avers that Plaintiffs have suffered no damages as a result of any of the alleged acts or omissions of M&T.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

M&T presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. M&T therefore reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE,** M&T prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the TAC on file herein;

2. For reasonable attorney's fees;

3. For costs of suit incurred herein; and

4. For such other and further relief as the court may deem just and proper.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: August 2, 2016        By:    */s/ Patricia L. Penny*
Robin P. Wright, Esq.
Patricia L. Penny, Esq.
Attorneys for Defendant,
MANUFACTURERS AND TRADERS
TRUST COMPANY aka M&T BANK

-25-

## PROOF OF SERVICE

I, Patricia L. Penny , declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On August 2, 2016, I served the within **ANSWER OF M&T BANK TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

on all interested parties in this action as follows:

[ ] by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelope(s)  addressed as follows:

### [SEE ATTACHED SERVICE LIST]

[X]  (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]  (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 2, 2016, at Newport Beach, California.

*/s/Patricia L. Penny*
Patricia L. Penny

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | |
| 3 | Amelina v. Manufacturers and Traders |
| 4 | U.S.D.C.-S.D. Case No. 3:14-cv-01906-WQH-NLS |

| | |
|---|---|
| Jessica R. K. Dorman, Esq.<br>Robert L. Hyde, Esq.<br>HYDE & SWIGART<br>2221 Camino Del Rio South, Suite 101<br>San Diego, CA 92108<br>Tele:  (619) 233-7770<br>Fax:  (619) 297-1022<br>Email:  jessica@westcoastlitigation.com<br>Email:  bob@westcoastlitigation.com | Attorney for Plaintiffs,<br>**Victoria A. Amelina, etc., et al.** |
| Abbas Kazerounian, Esq.<br>Kazerouni Law Group, APC<br>245 Fischer Avenue, Suite D1<br>Costa Mesa, CA  92626<br>Tele:  (800) 400-6808<br>Fax:  (800) 520-5523<br>Email:  ak@kazlg.com | Attorneys for Plaintiffs,<br>**Victoria A. Amelina, etc., et al.** |
| Roger M. Mansukhani, Esq.<br>Kimberly D. Howatt, Esq.<br>Joni M. Borzcik, Esq.<br>GORDON & REES LLP<br>101 W. Broadway, Suite 2000<br>San Diego, CA 92101<br>Tele:  (619) 696-6700<br>Fax:  (619) 696-7124<br>Email:  rmansukhani@gordonrees.com<br>Email:  khowatt@gordonrees.com<br>Email:  jborzcik@gordonrees.com | Attorneys for Defendant,<br>**Safeguard Properties, LLC** |
| Abe Gordon Salen, Esq.<br>THE WOLF FIRM, A Law Corporation<br>2955 Main Street, Second Floor<br>Irvine, CA  92614<br>Tele:  (949) 720-9200<br>Fax:  (949) 608-0129<br>Email:  abe.salen@wolffirm.com | Attorneys for Defendant,<br>**The Wolf Firm, A Law Corporation** |

2