1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| Victoria A. Amelina, an individual; and A.A.; D. S and B.S., each individuals and minors by and through their Guardian Ad Litem, Victoria A. Amelina, | ) Case No.: 3:14-cv-01906-WQH-NLS )<br>) **STIPULATION FOR PROTECTIVE ORDER AND ENTRY OF PROTECTIVE ORDER AS MODIFIED BY THE COURT** |
| Plaintiff, | ) |
| vs. | ) (Dkt. No. 87) |
| Manufacturers and Traders Trust Company aka M&T Bank, Safeguard Properties, LLC, and the Wolf Law Firm, A Law Corporation. | ) )<br>) |
| Defendants. | ) ) ) |

22

23        Having reviewed the parties' joint motion for entry of a stipulated

24  protective order, and for good cause shown, the Court **GRANTS** the parties' joint

25  motion.  Accordingly, the Court enters the following stipulated protective order

26  as modified by the Court (*see* ¶¶ 10, 14, 18):

27                                   **STIPULATION**

28        WHEREAS, Defendants Manufacturers and Trader Trust Company aka

-1-

1   "M&T Bank ("M&T") and Safeguard Properties, LLC ("Safeguard")

2   (collectively "Defendants") in the above-entitled action ("Action"), and Plaintiffs

3   Victoria A. Amelina, an individual ("Amelina"); and A.A.; D. S and B.S., each

4   individuals and minors by and through their Guardian Ad Litem, Victoria A.

5   Amelina (collectively the "Plaintiffs"), both Defendants and Plaintiffs

6   collectively  as "a Party" or "Parties", possess documents and information that

7   may have a right to protection from disclosure or dissemination, which

8   documents and/or information have been or may be disclosed or requested in the

9   course of discovery herein;

10          WHEREAS, the Parties may issue disclosures, serve discovery, or conduct

11  depositions in the Action that may require responses containing or the production

12  of confidential, financial or private information, or proprietary or trade secret

13  information, or other information protected by applicable privacy laws

14  ("Confidential Information" or "Protected Material", as further defined below);

15          IT IS HEREBY STIPULATED AND AGREED, by and between the

16  Parties hereto, as follows:

17          1.      The Parties may designate as "Confidential Information" any and all

18  documents, testimony, or other evidence produced in this action that contain

19  confidential, financial, or private information, or proprietary or trade secret

20  information, or other information protected by applicable constitutional or

21  privacy laws or protections.  Materials containing Confidential Information shall

22  be designated in good faith and by appropriately labeling such documents,

23  testimony, or other evidence "Confidential" without obstructing any mark or

24  writing which appears on the original.  Documents, testimony, and other evidence

25  also may be collectively designated as "Confidential".  All Confidential

26  Information so marked shall be treated in accordance with this Protective Order

27  entered by the Court in this action.  "Confidential Information" is the same as

28  "Protected Material".

STIPULATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER
Case No. 3:14-cv-001906 WQH-NLS

1  2. Confidential Information disclosed, produced, or testified to in

2 connection with this action may be used and retained solely for the purposes of

3 this action and this action only.

4  3. As used herein, the Confidential Information designated by the

5 Parties may include without limitation papers, tapes, documents, discovery

6 responses, disks, diskettes, copies, extracts, data bases and complete or partial

7 summaries prepared from such papers, documents, photographs, or other tangible

8 things produced by the Parties in connection with this action, as well as

9 deposition testimony, declarations, and written discovery responses.

10  4. All Protected Material disclosed or produced, and to be disclosed or

11 produced, in the course of discovery in this action is subject to the terms of this

12 Protective Order, and may only be used or disclosed as described herein, and for

13 the purposes of this action only, except as otherwise ordered by the Court.

14 Protected Material shall not be made public by the Parties or their counsel, or be

15 used for any purpose other than the litigation of this case, including for

16 discovery, law and motion proceedings, and preparation for and trial(s) or appeal

17 of this action.  Any document or information which has been obtained through

18 independent means, in the course of private investigation, or by subpoena to any

19 government agency or other person, does not become Protected Information

20 merely by designation by one or both of the Parties in the course of discovery in

21 this lawsuit.  Provided, however, that if a third party makes a request for

22 confidentiality, the parties may stipulate to extend the protection of this order to

23 documents or information produced by such third party, and such stipulation shall

24 be in writing.

25  5. With respect to oral testimony, a Party may designate all or part of

26 the testimony of any witness as Protected Material in the following manner:

27   a. During the deposition or hearing, a Party may orally designate all or

28   a portion of the testimony as Confidential Information.  The reporter

STIPULATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER
Case No. 3:14-cv-001906 WQH-NLS

1    shall make a notation in the record marking the beginning and ending

2    of all testimony so designated as "Confidential".

3    b.  Alternatively, within fifteen (15) days after the court reporter serves a

4    copy of the transcript of a deposition or hearing, a Party may identify

5    all or  part of the transcribed testimony as Confidential Information

6    by giving written notice to counsel for deponent of the specific pages

7    and lines of the transcript that constitute or contain Confidential

8    Information.  Until fifteen (15) days after the court reporter serves a

9    copy of the transcript of a deposition or hearing, all deposition

10    transcripts shall be deemed Confidential Information under the terms

11    of this Protective Order, and there shall be no disclosure of any

12    information contained therein in any discovery motions without

13    complying with the terms of this Protective Order, if a Party's intent

14    to subsequently designate Confidential Information is stated at the

15    time of the deposition.  Those portions of transcripts of depositions

16    thereafter designated as containing Confidential Information shall be

17    governed by the terms of this Protective Order.

18    6.    Except as permitted in paragraph 14, counsel for the Parties shall

19    keep Confidential Information confidential, and shall in no way divulge any

20    Confidential Information, or any summary or abstract thereof, to any firm,

21    person, or corporation, save and except to the following (hereinafter "Qualified

22    Persons"):

23    a.  Counsel for the respective parties and employees thereof whose

24    functions for the purposes of prosecuting this Action require access

25    to such Confidential Information;

26    b.  Outside experts or consultants retained, sought to be retained, or

27    contacted by a party or counsel hereto whose advice and

28    consultation are being or may be used by such party in connection

1    with preparation for trial(s), appeal(s), or depositions or for trial(s)

2    or appeal(s),  in this action, including any motions in this Action;

3       c.  Any party and any officer, employee, administrators, insurers,

4         indemnitors, or beneficiaries of a party, to the extent deemed

5         necessary by counsel for that party, for the litigation, trial, and/or

6         appeal of this Action;

7       d.  Testifying witnesses in this Action, but only in connection with

8         preparation for, or testimony at, deposition or trial or via declaration;

9       e.  The court(s) and any person employed by it or them to work on this

10        Action;

11      f.  Any court reporter or videographer employed by one of the Parties

12        to this Protective Order for the purpose of recording depositions;

13      g.  Employees of document copying, storing, or handling services; and

14      h.  Any person who authored or received the Confidential Information

15        prior to commencement of this action.

16      7.  No Qualified Persons, other than those referred to in paragraphs

17   6(a), 6(c), 6(e), 6(f), and 6(g), shall have access to Confidential Information

18   without having first read this Protective Order and having acknowledged and

19   agreed in writing, by signing an "Acknowledgment and Agreement to Be Bound"

20   in the form attached hereto as Exhibit A, to be bound by this Protective Order.

21      8.  If a Party or its or his or her counsel is served with a subpoena or an

22   order issued in other litigation that would compel disclosure of any Protected

23   Material the Parties must so notify each other, in writing (by electronic mail, if

24   possible) immediately and in no event more than three court days after receiving

25   the subpoena or order.  Such notification must include a copy of the subpoena or

26   court order.  The Party also must immediately inform in writing the party who

27   caused the subpoena or order to issue in the other litigation that some or all the

28   material covered by the subpoena or order is the subject of this Protective Order.

STIPULATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER
Case No. 3:14-cv-001906 WQH-NLS

In addition, the Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Parties an opportunity to try to protect her confidentiality interests in the court from which the subpoena or order issued. The Party seeking to protect any material shall bear the burdens and the expenses of seeking a protective order from the Court and nothing in these provisions should be construed as authorizing or encouraging any party in this action to disobey a lawful directive from another court.

9.      If a Party or her/his/its counsel learns that, by inadvertence or otherwise, they have disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Parties must immediately:  (a) notify the other Party in writing of the unauthorized disclosures; (b) use their best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

10.      Challenging Designations.  The acceptance by a Party of Protected Material shall not constitute an admission or concession, or permit any inference that the documents so designated are, in fact, Confidential Information.  The Party may seek to remove from the scope of this Protective Order anything designated as Confidential Information.  The Party seeking such removal shall do so in good faith and give written notice thereof to the other Party, identifying the specific material challenged and explaining the basis for the challenge.  The designating party shall have ten (10) court days after the date of the written challenge to explain the basis for designation.  Thereafter, the Parties shall first attempt to resolve such challenges in good faith and on an informal basis.  If the

1   dispute cannot be informally resolved, the Party seeking removal of the

2   designation may seek appropriate relief from the Court by filing and serving a

3   motion with the Court seeking an order directing that the information no longer

4   be treated as Confidential or Protected Material.  The Party seeking removal shall

5   have the burden of establishing grounds for removal of confidential treatment and

6   that the information and/or documents involved have been improperly designated

7   Confidential Information.  Absent an agreement extending the schedule, any such

8   motion must be filed and served within twenty (20) court days after the

9   expiration of the ten (10) court day notice period set forth above.  **Any**

10  **agreements to extend the schedule must be submitted as a joint motion and**

11  **approved by the Court.  Civ. L.R. 7.2.a.  Any motions to ask for judicial**

12  **intervention to determine challenges to designations must also comply with**

13  **the undersigned's chambers 45-day rule regarding resolution of discovery**

14  **disputes.  *See* Chmb. Rule VI.C & VII.**  The Confidential Information shall

15  continue to be treated as such during this process.  If the Party seeking the

16  removal of designation does not seek relief from the Court within the twenty (20)

17  court days set forth above **and within the 45-day period to seek judicial**

18  **intervention**, the challenged information shall remain Protected Material, unless

19  the Court shall rule otherwise.

20          11.     No modification, addition, or other change of this Protective Order

21  shall be effective unless it has been set out in writing and signed by counsel of

22  record for all Parties who have signed this Stipulation, or has been reduced to an

23  order of the Court.

24          12.     By agreeing to the procedures set forth in this Protective Order, none

25  of the Parties agrees to produce any specific document or waives or prejudices

26  any objection that Party may have to the production of any document.  Nothing

27  contained herein shall waive Parties' right to withhold documents from

28  production to the extent permitted by law.  In addition, the fact that a Party has

1   entered into this Protective Order is not, and shall not be argued or deemed to

2   constitute a waiver of any objections they may have to the production of

3   documents (including any objections based upon the attorney-client and/or

4   attorney work-product privileges).  This Protective Order does not prejudice the

5   right of any Party to apply to the Court for an order compelling production of

6   documents or to apply to the Court for:

7           a.  a further protective order relating to any discovery in this action; or,

8           b.  an order declaring that a document or information designated as

9   Confidential is not Protected Material and should not be subject to this Protective

10   Order, and likewise does not prejudice the right of any Party to object to any such

11   application or motion.

12       13.    Should Protected Material (or other contents or the information

13   contained therein) covered by this Protective Order be disclosed in discovery

14   motions and/or the exhibits to discovery motions, such documents, exhibits and

15   transcripts shall be filed in sealed envelopes (or other sealed containers) marked

16   with the title of this Action, the title of the document being filed, and a statement

17   substantially in the following form:

18                          **"CONFIDENTIAL**

19       Pursuant to the Protective Order dated _____, this envelope

20   containing the above-titled documents filed by [the name of the party] is not to be

21   opened nor the contents thereof displayed or revealed, except to the Court or

22   counsel in this action."

23       Access to these sealed envelopes or containers may be obtained by

24   any of the Parties' counsel for any necessary or appropriate uses in this action.

25   Counsel for the Parties shall warn other counsel whenever they intend to quote

26   from or otherwise disclose Protected Material in open court proceedings relating

27   to discovery motions.  Such warnings shall be given at or before the hearing (but

28   need not be given prior to the start of oral argument) such that there is sufficient

STIPULATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER
Case No. 3:14-cv-001906 WQH-NLS

time and opportunity for Defendant to object to the disclosure, to ask that the courtroom be cleared of spectators and/or that the hearing be conducted in chambers.

14.     **Filing Under Seal. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.  Chmb. Rule VII.A.**

15.     This Protective Order shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

16.     Nothing in this Protective Order, nor the production of anything by any Party in this action, shall be deemed a waiver of any privilege with respect thereto in any other action or proceedings, or a waiver of any privilege applicable to any information other than the specific information so produced in this action, or of the right of any party to this action to oppose production of any information. In the event of any inadvertent disclosure of any Protected Material, all Parties reserve all rights that they may have as a matter of law with respect to such inadvertent disclosure.

17.     Within sixty (60) days following the termination of this action, including any and all appeals from a judgment, the Parties may request return of or the shredding of all Protected Material it produced in this action.  If such a request is made in writing, the party to whom the request is made shall return or shred, within ten (10) days, such Protected Material, including all copies thereof.

1  The Party returning or shredding the Protected Material shall bear the costs of

2  returning or shredding.

3      **18.    Modifications.  The Court may modify the protective order in**

4  **the interests of justice or for public policy reasons.  Chmb. Rule VII.B.**

5  IT IS SO STIPULATED.

6                                        HYDE & SWIGART

7

8  Dated: October 28, 2016        By:    */s/ Jessica R.K. Dorman*
                                         Jessica R.K. Dorman, Esq.
9                                        Attorneys for Plaintiffs

10

11                                       WRIGHT, FINLAY & ZAK, LLP

12

13 Dated: October 28, 2016        By:    */s/ Patricia L. Penny*
                                         Robin P. Wright, Esq.
14                                       Patricia L. Penny, Esq.
                                         Attorneys for Defendant,
15                                       MANUFACTURERS AND TRADERS
16                                       TRUST COMPANY aka M&T BANK

17                                       GORDON & REES, LLP
18

19 Dated: October 28, 2016        By:    */s/ Kimberly D. Howatt*
                                         Kimberly D. Howatt, Esq.
20                                       Attorneys for Defendant, SAFEGUARD
21                                       PROPERTIES, LLC

22

23

24

25

26

27

28

STIPULATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER
Case No. 3:14-cv-001906 WQH-NLS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, [print or type full name],

of_____[print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court – Southern District of California on

November 1, 2016 in the case of *Victoria A. Amelina et al.  v. Manufacturers and*

*Traders Trust Company aka M&T Bank et al.* Case No. 3:14-CV-001906 WQH-

NLS.  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

STIPULATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER
Case No. 3:14-cv-001906 WQH-NLS

1

**ORDER**

2

The terms of the above Stipulation are hereby ordered.

3

**IT IS SO ORDERED.**

4

Dated:  November 1, 2016

5

6

Hon. Nita L. Stormes
United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER
Case No. 3:14-cv-001906 WQH-NLS